[No. 11507. Department Two. March 26, 1914.]

## H. A. RASER, *Appellant*, v. GEORGE A. MOOMAW *et al.*, *Respondents*.[1]

FRAUD—MISREPRESENTATIONS—ACTIONS—COMPLAINT—SUFFICIENCY. A complaint for fraud is sufficient where it alleges that, to induce plaintiff to procure a loan, defendant introduced him to a woman who was falsely represented to be K, the owner of the property, that plaintiff had no means of ascertaining her true identity, while defendant knew, or in the exercise of reasonable caution should have known, that she was an impostor, that plaintiff relied on the representations, induced his client to make the loan, and has since been compelled to repay it.

SAME—MISREPRESENTATIONS—RIGHT OF ACTION. An action for deceit lies for false representations as to the identity of a person, if made with intent that they be acted upon by one having no means of ascertaining the person's true identity, and who does act thereon to his prejudice.

[1]Reported in 139 Pac. 622.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered April 14, 1913, dismissing an action for fraud, on sustaining a demurrer to the complaint. Reversed.

*Clise & Poe,* for appellant.

*O. E. Sauter,* for respondents.

FULLERTON, J.—In this action the appellant sought to recover from the respondents for fraud and deceit. In his complaint, the appellant stated his cause of action as follows:

"Plaintiff complaining against defendants alleges:

"(1) That plaintiff is now and at all times herein mentioned was engaged as a real estate broker in the city of Seattle.

"(2) That at all the dates and times herein mentioned the defendants were husband and wife, and as such constituted a community under the laws of the state of Washington.

"(3) That during the month of November, 1910, the defendant, George A. Moomaw, acting on behalf of said community, for the purpose of inducing plaintiff to procure the loan hereinafter described, introduced him to a woman whose true name is to plaintiff unknown and then and there represented her to be Annie L. Knowles of Seattle, Washington, and also the owner of Lot ten (10), Block three (3), Noah Fleckinger's Town Plat Cove Addition to Seattle.

"(4) That at the time of said introduction said defendant further represented to plaintiff that said woman desired to borrow the sum of Fifteen Hundred Dollars ($1,500) secured by a note and mortgage upon said premises, and that in the event said loan were made she would pay to plaintiff and the defendants a broker's commission.

"(5) That relying upon said introduction and the representations made by said defendant, plaintiff, on the 2nd day of December, 1910, in the ordinary course of business, induced one of his clients, S. M. Obtadovich, to loan said woman the sum of Fifteen Hundred Dollars ($1,500) upon her note and mortgage covering said premises, bearing interest at seven per cent (7%) per annum, which said note

and mortgage were wrongfully made, executed and delivered by said woman as Annie L. Knowles, and by reason of the representations of defendants to him made, plaintiff informed his said client that said woman was Annie L. Knowles.

"(6)    That said defendants knew or in the exercise of reasonable prudence and caution should have known that said woman was an impostor, and that her true name was not Annie L. Knowles, but that she assumed the same for the purpose of cheating and defrauding this plaintiff.

"(7)    That plaintiff did not know and had no means of knowing that said woman was not the person whom said defendant represented her to be, or that she was not the owner of said property and entitled to make, execute and deliver said note and mortgage thereupon, but wholly relied and was expected by defendants to rely upon said introduction and representations of defendants as to her identity and authority to execute and deliver said note and mortgage.

"(8)    That it subsequently developed and is a matter of fact that said woman was not Annie L. Knowles, but was some other person, and has since been convicted and sentenced to prison for frauds similar to the one practised by her upon plaintiff, by reason of which the note and mortgage given to S. M. Obtadovich are worthless and plaintiff was compelled to pay him the amount thereof, to wit: the sum of Fifteen Hundred Dollars ($1,500), together with interest upon said sum from the 2nd day of December, 1910, at the rate of seven per cent (7%) per annum.

"Wherefore, plaintiff demands judgment against the defendants and each of them in the sum of fifteen hundred dollars ($1,500), together with interest thereupon from the 2nd day of December, 1910, until paid, and for costs and disbursements herein laid out and expended to be taxed."

To the complaint, a general demurrer was interposed by the respondents, which the trial court sustained. The appellant thereupon declined to plead further, and a judgment of dismissal was entered from which he appeals.

The essential elements necessary to constitute actionable fraud and deceit are, in the main, well settled. These elements are correctly set forth in 20 Cyc. 13. It is there said that "it must appear: (1) that the defendant made a material

representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that he thereby suffered an injury."

Tested by these principles, it seems to us clear that the complaint states a cause of action. The element of materiality is found in the allegation that the representation was made for the purpose of inducing the appellant to procure a loan for the woman introduced, and the allegation that the appellant did not know and had no means of knowing that the woman was not the person whom he represented her to be; the element of false representation, in the third, sixth, seventh and eighth paragraphs of the complaint; the element of knowledge, from the general tenor of the complaint, and from the sixth paragraph particularly; the element of intention, from the third paragraph which avers that the introduction was made for the purpose of inducing the appellant to procure a loan for the woman introduced, and from the seventh paragraph to the effect that the appellant wholly relied and was expected by the defendants to rely upon the introduction and representation of the respondents as to the woman's identity; the element of reliance on the representations, in the fifth and seventh paragraphs of the complaint; and the element of injury, from the allegation that he induced his client to make the loan and was afterwards compelled to repay the money loaned to his client. It may be true that the complaint is not as full as could be desired; and it may be true, also, that certain of its paragraphs are subject to a motion to make more definite and certain, but we are clear that the complaint contains the elements of a good cause of action, and is sufficient as against a general demurrer.

We shall not notice in detail the objections the respondents urge against the complaint. The principal one is that the complaint shows on its face that the appellant did not

act with ordinary care or business prudence in ascertaining the identity of the woman claiming herself to be Annie L. Knowles; in support of which it is argued that the appellant should not have relied upon the respondents' representations, but should have inquired elsewhere concerning her identity. But overlooking the moral side to such an argument—coming as it does from the very persons who made the false representations—the argument itself is not sound, in view of the allegation in the complaint to the effect that the appellant did not know, and had no means of knowing, that the woman introduced was not the person whom the respondents represented her to be or the owner of the property she offered to mortgage; there being nothing on the face of the record, or the subject-matter of the controversy, which indicates that the allegation is not true. The allegations may be subject to dispute after issue is joined upon them, but they are sufficient in the respect questioned until they are put in issue.

The respondents cite and quote at length from the case of *Pigott v. Graham,* 48 Wash. 348, 93 Pac. 435, 14 L. R. A. (N. S.) 1176, claiming it to be controlling of the question at bar. That case, it is true, was an action for deceit in which the court held that the plaintiff had no right to rely upon the representations of the defendant. But the decision was rested on the fact that the subject-matter of the controversy was before the very eyes of the complaining party when the false representations concerning it were claimed to have been made, and the court held this fact estopped the plaintiff to complain of the false representations. But the facts in the case before us are different. Here, as we say, it is alleged that the appellant did not know and had no means of knowing the representations were false, and the surrounding conditions do not belie the allegation.

The case at bar is novel in the respect that, on the facts presented, it seems to have no exact counterpart in the reported cases. At least none has been called to our attention

and our own research has discovered none. The case most nearly approaching it upon the facts is, perhaps, the case of *Lahay v. City Nat. Bank*, 15 Colo. 339, 25 Pac. 704, 22 Am. St. 407. In that case, Lahay had falsely identified to the bank the holder of a certificate calling for the payment of money as the person who was named in the certificate. The bank officers did not know either the person holding the certificate or the person named therein, and on the faith of the representations made by Lahay, paid the money due thereon to the holder. It afterwards developed that the person identified was not entitled to cash the certificate, and the bank was compelled to pay the money a second time at the suit of the true owner. After doing so, it brought an action against Lahay to recover as for deceit upon his false representation, and recovered in the trial court. On the appeal of Lahay, the judgment was affirmed in the reported case. Passing upon the questions urged for reversal the court said:

"The action is founded upon the deceit practiced upon appellee by appellant, by means of which appellee was induced to pay the amount of the certificate to D'Armenthal, who had no claim to the money, instead of to John Phillipe, who alone was entitled to receive the same. Counsel contend, however, that appellant is not liable on account of his false statement, because he is not shown to have had knowledge of its falsity at the time of making the same. The question thus presented was before the court, and carefully considered, in an early case. See *Sellar v. Clelland*, 2 Colo. 532. It was there held that the intention of one party to deceive and defraud another was sufficiently made out by showing that a false affirmation had in fact been made by the party, concerning a matter about which he had no actual knowledge, under circumstances showing that the matter spoken about was better known to the party making the representations than to the other party. And to the general rule requiring a party relying upon false representations to show not only that they were false, but that the party making the same knew such to be the case, some exceptions were pointed out; as when one, as in this case, positively assures another that a certain statement is true, professing at the time to speak of

his own knowledge, and about a matter not known to the party to whom the representations are made, he cannot be allowed to complain because another has placed too much reliance upon the truth of what he himself has stated. In the language of the learned judge writing the opinion in the case of *Sellar v. Clelland, supra*: 'In such a case the proof would seem to be complete when it was shown that the defendants made the representations; that they were made to induce plaintiffs to enter into the contract; that, relying upon the same, they did enter into the contract; that the representations were false; that the plaintiffs sustained damage; and that such damage was occasioned by reason of the falsity of such representations.'

"The statute of frauds and perjuries cannot be invoked in this case to shield appellant. His liability does not grow out of any special promise to answer for the debt, default or miscarriage of another; nor is he sought to be held upon any agreement required to be in writing. Appellant is shown to have stated as of his own knowledge that Paul D'Armenthal was in fact John Phillipe, and that this representation was made for the express purpose of inducing appellee to pay over the money. It is also shown that the bank, relying upon such representation, did pay the money to D'Armenthal, supposing him to be the John Phillipe entitled to receive the same. The representations were in fact false, and damages were sustained thereby. Every element necessary to a recovery under the decision in *Sellar v. Clelland* was here made out. The correctness of the decision in that case is not questioned. It is well supported by authority and must control here."

This case in principle is the same as the case at bar, and is authority for the conclusion that false representations as to the identity of a person are actionable, if made to induce another to act thereon, and such other does so act thereon to his prejudice.

The judgment appealed from is reversed, and the cause remanded with instructions to overrule the demurrer, and permit the case to proceed in due course.

CROW, C. J., MOUNT, PARKER, and MORRIS, JJ., concur.