[No. 11876. Department Two. June 26, 1914.]

L. S. AGNEW, *Respondent*, v. J. M. HACKETT, *Appellant*.[1]

FRAUD—FALSE REPRESENTATIONS—ACTIONS—DEFENSES. False representations of material facts whereby a party was induced to sign a note are actionable, whether the party making them knew them to be false or not.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Upon an issue as to fraud by making false representations, instructions as a whole are not prejudicially erroneous, where the jury were told plaintiff could not recover (1) if she *knowingly* made false representations, or (2) if she knew her representations were false when she made them, or (3) if she made them recklessly, or (4) if she made false representations without any knowledge of their truth; especially where the issue was sharply defined as to whether she made any representations whatever, and the jury determined such issue in her favor.

NEW TRIAL—MISCONDUCT OF PARTY. A new trial will not be granted for misconduct of a party in charging a witness with giving false testimony, where the showing was not sufficient.

[1]Reported in 141 Pac. 319.

Appeal from a judgment of the superior court for Chehalis county, Irwin J., entered June 24, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*John C. Hogan* and *A. E. Graham*, for appellant.

*Bridges & Bruener*, for respondent.

Morris, J.—In an action upon a promissory note for $1,000, the maker, appellant here, defended upon the ground that the note was given as part of the purchase price of an automobile business which appellant was induced to purchase because of false representations, made by respondent and her husband, now deceased, as to the assets and liabilities of the business. This plea was met by a general denial, and the issue thus framed was submitted to a jury, who found for the plaintiff. Error is alleged in the giving and refusal of instructions and the misconduct of plaintiff during the trial.

The first instruction attacked is:

"(2) If you believe from a preponderance of the evidence in the case that this note was given in part payment of the purchase price of the stock, and that the plaintiff at the time the defendant purchased the stock *knowingly* made false statements in relation to the financial condition of the company and as to its assets and liabilities, and that Mr. Hackett relied upon those statements, believing them to be true, and was induced thereby to purchase the stock, and that the stock was not of the value represented by the plaintiff and was not of any value, then defendant would not be liable upon the note and the plaintiff could not recover. But if you believe that no false or fraudulent representations were made with intent to deceive the defendant as to the actual value of the stock, and he purchased the stock, giving this note in part payment therefor, then he would be liable and plaintiff should recover."

The second is:

"(4) If you believe from a preponderance of the evidence that the plaintiff made material representations to the

defendant, either by conduct or orally or by writing, with reference to the business and financial standing of the company, and that the representations so made were false and that the plaintiff *knew they were false when she made them, or made them recklessly or without any knowledge of their truth*, and that she made them with the intent that they should be acted upon by the defendant, and that the defendant actually did rely upon them, and you are satisfied the stock was worthless when it was purchased by the defendant, then the plaintiff cannot recover."

The second instruction, in saying that recovery is conditioned upon the plaintiff *knowingly* making false statements in relation to the financial condition of the company, is not a correct statement of the law. In cases of this character, liability is determined, not only by a statement of that which is known to be false; but false representations of material facts made to induce a party to act, and relying upon the truth of which he does act to his detriment, are actionable, whether the party making the false statements knew them to be false or not. The fourth instruction also incorrectly states the rule when it says that not only must the representations be false, but that "plaintiff knew they were false when she made them, or made them recklessly." This instruction also says that plaintiff would be liable if she made false representations "without any knowledge of their truth." This last statement would fall within the correct rule of liability, that misrepresentations of material facts are actionable whether known to be false or made without knowing whether they were false or true; for the jury, we think, would get the same idea from it as if the lower court had said "not knowing them to be true or false." Reading these instructions together, then, we find that the jury are told the plaintiff could not recover, (1) if she knowingly made false representations, or (2) if she knew her representations were false when she made them, or (3) if she made false representations recklessly, or (4) if she made false representations without any knowledge of their truth. It would hardly be doubted that any of

these findings would sustain a liability for fraud, and that is what the jury are in effect told. Not that they must find that plaintiff knowingly made false statements, but it is sufficient if they find that she made false statements "without any knowledge of their truth." That this was the meaning intended to be conveyed to the jury, and the only one they would get from the charge as a whole, is apparent by referring to instruction No. 6, where plaintiff's liability is made to depend upon whether she "misrepresented" the financial condition to the defendant. This would include any misrepresentation, both that which was known to be false and that which was made without knowing whether it was true or false.

We are moved to our conclusion by another consideration. The issue in this case, as made by the affirmative answer and reply, was not the extent or character of the statements made by the respondent to appellant, but whether she made any statement at all to him. He testified she represented the company in making the sale and made certain statements as to its financial condition; while she testified she had no dealing at all with appellant, never talked with him about the sale, and did not know that he was interested in the sale until the deal was closed. The jury determined by the verdict that respondent spoke the truth, and that she made no statements of any kind to appellant relative to the matter. In view of this situation, it would appear like straining at gnats for the court to now reverse this judgment because the lower court, in one view of his instructions, made an erroneous statement of the law relative to the proper rule for measuring statements which the jury have found were never made, so that they never had any occasion to use the incorrect rule given them by the court. The refused instructions upon which error is predicated referred to the measure of damages in computing the amount appellant would be entitled to recover, if at all. In view of the verdict, we find no error in refusing these instructions.

The misconduct of respondent was based upon what she is alleged to have said to one of appellant's witnesses in the presence of the jury as they were retiring to the jury room, charging him with giving false testimony. It does not appear to us that the showing is sufficient to warrant a disturbance of the judgment, and it is affirmed.

CROW, C. J., PARKER, and MOUNT, JJ., concur.