[No. 12988.   Department Two.   April 1, 1916.]

ANN ROCHFORT *et al.*, *Appellants*, v. HARRY H. QUIKSTAD
*et al.*, *Respondents.*[1]

FRAUD—MISREPRESENTATIONS— COMPLAINT—SUFFICIENCY. A complaint, liberally construed on demurrer as required by Rem. & Bal. Code, § 285, sufficiently states a cause of action for fraud, where it is alleged that plaintiffs were induced to purchase a house and lot in reliance upon false representations that the lot had a frontage of 60 feet and was free from vermin and disease germs, when in fact it had a frontage of but 50 feet and was so infested with vermin and diphtheria germs that one of plaintiff's children contracted diphtheria and the house had to be abandoned and was of no value.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 1, 1915, upon sustaining a demurrer to the complaint, dismissing an action for fraud.   Reversed.

*Blair & Blinn*, for appellants.

PARKER, J.—The plaintiffs, Rochfort and wife, seek recovery of damages from the defendants, alleged to have resulted from the false and fraudulent representations made by the defendants through their agent as to the size of a lot and the condition of a dwelling house thereon, inducing the plaintiffs to purchase the same.   The demurrer of the defendants to the amended complaint of the plaintiffs being sustained by the superior court, and the plaintiffs electing not to plead further, judgment of dismissal was rendered against them, from which they have appealed to this court.

The allegations of the complaint, so far as necessary to here notice them, are as follows:

"That on and prior to the 8th day of December, 1913, the defendant, Harry H. Quikstad, was the agent of Martha M. Linder and John P. E. Linder, and as such agent had for sale lot 5, block 1 of Washington addition to the city of Seattle, and the dwelling house situate thereon.

[1]Reported in 156 Pac. 522.

"That about the said 8th day of December, 1913, the said Harry H. Quikstad, as the agent for the defendants, Martha M. Linder and John P. E. Linder, and being by them so authorized to do, represented to the plaintiffs that the said lot contained a frontage of 60 feet, and that the dwelling house situate thereon, was in perfect sanitary condition and was entirely free from vermin, bed bugs and disease germs of any kind.

"That plaintiffs were thereby induced to purchase said lot at the price of $1,650, in the belief that said representations were true, to sign an agreement in writing of which a copy is hereto attached marked exhibit "A" and made a part hereof, but no deed for said lot has yet been executed.

"That on said date the plaintiff, Ann Rochfort, paid $700 in money and property to the defendants, Linder, as a part of the purchase money under said contract.

"That the said lot contained in fact, a frontage of only 50 feet, as the defendants very well knew.

"That the said house, was in fact not in a perfectly sanitary condition and free from vermin, bed bugs and disease germs, but was in fact, as the defendants knew, in a foul and unsanitary condition and so infested with vermin, bed bugs and with the germs of a dangerous disease, to wit, diphtheria, that the house is of no value whatever, and that by reason of the said condition of said house, the children of plaintiffs became sick, and one of them was stricken with diphtheria, and plaintiffs were compelled to abandon the said house.

"That said house is so constructed that it cannot be freed of the said vermin, and bed bugs, except by the total destruction of the house.

"That by reason of the premises plaintiffs sustained damages in the sum of $500."

We are not favored with a brief for respondents, nor does the record before us indicate the views of the learned trial judge which prompted him in holding that the complaint failed to state facts constituting a cause of action, that being the sole ground of the demurrer. The complaint may not be so specific and certain as to be beyond all possible criticism, but we are unable to see wherein it can be held

defective as against a general demurrer. In *Raser v. Moomaw*, 78 Wash. 653, 139 Pac. 622, 51 L. R. A. (N. S.) 707, we recognized the elements of actionable fraud and deceit as being correctly stated in 20 Cyc. 13, as follows:

"It must appear: (1) That the defendant made a material representation; (2) that it was false; (3) that when he made it he knew it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that he thereby suffered an injury."

It seems to us that this complaint, in any event, when liberally construed, as required by Rem. & Bal. Code, § 285 (P. C. 81 § 259), states facts which satisfy all of these requirements of actionable fraud and deceit.

The judgment is reversed, and the cause remanded for further proceedings.

MORRIS, C. J., HOLCOMB, BAUSMAN, and MOUNT, JJ., concur.