[No. 13590.   Department One.   December 29, 1916.]

WILLIAM BIEL *et al.*, *Appellants*, v. R. B. TOLSMA, *as R. B. Tolsma & Company, Respondent.*[1]

FRAUD—SELLER'S PRAISE—INSTRUCTIONS.   In an action for fraud in the sale of an automobile which was at hand and examined by the purchaser, it is proper to instruct that the seller has a right to exalt the value of his property to the highest point the purchaser's credulity will bear, and boastful assertions and exaggerated description do not amount to fraud.

SAME.   In such an action, it is a proper test of actionable fraud that the representations complained of must be calculated to deceive a person acting with reasonable and ordinary prudence.

SAME—STATEMENTS AS TO VALUE—INSTRUCTIONS.   In such an action, it is proper to instruct that a person may not rely upon mere opinions as to the value of the property, and must use that degree of caution and diligence in ascertaining the conditions of the property which an ordinarily prudent man would exercise under like circumstances.

Appeal from a judgment of the superior court for King county, Jurey, J., entered May 11, 1916, upon the verdict of a jury rendered in favor of the defendant, in an action for fraud.   Affirmed.

*William Wray*, for appellants.

*Van Dyke & Thomas*, for respondent.

HOLCOMB, J.—On February 23, 1915, appellants purchased from respondent a certain Pope-Hartford automobile. Appellants sued to recover damages in the sum of $1,100, representing the sum paid for the car, upon allegations of fraud and deceit by way of false representations regarding

[1]Reported in 161 Pac. 1047.

the condition, price paid, and value of the car. The allegations of fraud and misrepresentation being denied by respondent and the cause tried to a jury, a verdict was found for respondent.

As ground for reversal, appellants urge that the instructions upon the issue of fraud given by the court were erroneous. The instructions, which for convenience we have numbered consecutively, were as follows:

"(1)   Fraud is never presumed, but must be proved. The law presumes that every person transacts business honestly and in good faith, and the burden of proving fraud is on the party who alleges fraud. In this case the burden of proving fraud is on the plaintiffs.

"(2)   Fraud is never to be imputed where the transaction may be fairly reconciled with honesty, and if the weight of evidence is in favor of that conclusion it should always be adopted.

"(3)   You are instructed that when a party, capable of taking care of his own interests makes a bad or losing bargain, the law will not assist him, unless deceit has been practiced, against which ordinary care could not protect him.

"(4)   You are instructed that when parties are negotiating a sale and purchase for property which there is an opportunity for examining, a party has a right to exalt the value of his own property to the highest point the purchaser's credulity will bear. Such boastful assertions and exaggerated descriptions do not amount to fraudulent misrepresentation or deceit. In such case, the parties are upon equal ground, and their own judgment must be their guide in coming to conclusions.

"(5)   You are instructed that every false affirmation does not amount to a fraud. If, by an ordinary degree of caution the party complaining could have ascertained the falsity of the representations complained of, then such party is not entitled to a verdict; and in this case, to entitle the parties to a verdict, you must believe, from the evidence, not only that the representations complained of were made, but also that they were made under circumstances calculated to deceive a person acting with reasonable and ordinary prudence and caution; and in determining this question, the jury should consider all the circumstances under which the alleged repre-

sentations appear, from the evidence, to have been made, and further under the circumstances the representations were such as a person of common and ordinary prudence would or should have relied upon, or such as would be likely to mislead such a person.

"(6) The jury are instructed that when one person states to another his opinion as to the value of any property merely as his opinion, not as a fact that he knows to be true, then the person to whom such opinion is stated in this manner has no right to rely upon such opinion, but must exercise his own judgment.

"(7) You are instructed that the law imposes upon one purchasing personal property that degree of caution and diligence in ascertaining the conditions of the property and all matters pertaining thereto, which are visible or which an ordinarily prudent man, in the exercise of ordinary prudence and caution would exercise under like circumstances would ascertain, and as to all such matters the law charges the purchaser with constructive notice of such facts only as by the exercise of such caution and diligence he would probably have discovered."

What the fault of the first three paragraphs of instructions is we are unable to understand. They certainly state the law correctly as well settled, both here and generally, and were fairly pertinent to the issues and evidence. The third paragraph is criticized as being in the face of our holdings in *Raser v. Moomaw*, 78 Wash. 653, 139 Pac. 622, 51 L. R. A. (N. S.) 707; *Agnew v. Hackett*, 80 Wash. 236, 141 Pac. 319, and *Rochfort v. Quikstad*, 90 Wash. 432, 156 Pac. 522. The first and third of the above cases were decisions merely upon the sufficiency of pleadings alleging fraud and deceit to raise such issues of fact. In this case the pleadings were considered sufficient and issue of fact joined, and the facts were for the jury. In the *Agnew* case above cited, the instructions complained of and which were there sustained were not similar to those here assailed. We have never held, and indeed no reputable court has held, that in dealing for property, real or personal, when the property was at hand and the means of ascertaining its condition, its correspondence

with the representations made concerning it by the seller, and its value, reasonably ascertainable, that a buyer could shut his eyes thereto, and blindly and recklessly rely upon any and all opinions or representations made concerning it by the seller. To establish such a rule would be to place a premium upon carelessness and indifference. *Griffith v. Strand*, 19 Wash. 686, 54 Pac. 613; *Pigott v. Graham*, 48 Wash. 348, 93 Pac. 435, 14 L. R. A. (N. S.) 1176; *Stewart v. Larkin*, 74 Wash. 681, 134 Pac. 186, L. R. A. 1916B 1069; *Parker v. Brainard*, 91 Wash. 428, 157 Pac. 1078; Brickwood's Sackett, Instructions, § 1102.

The same proposition, in effect, is involved in the fourth paragraph of instructions. It follows the principle well stated in 2 Cooley on Torts (3d ed.), 921.

The fifth paragraph gives the jury the test for determining actionable fraud and deceit from the facts. It is exactly reproduced from 1 Brickwood's Sackett's Instructions, § 1100, as an approved instruction upon such matter, and approved in *Eames v. Morgan*, 37 Ill. 260; *Antle v. Sexton*, 137 Ill. 410, 27 N. E. 691, and *Commercial Nat. Bank v. Pirie*, 82 Fed. 799. We think it fair, and no contrary cases are called to our attention.

The sixth and seventh paragraphs deal with expressed opinions as to value, in accord with the rule stated in 2 Cooley, Torts, p. 920, and with the same matters dealt with in the third and fifth paragraphs. We see no fault in them.

The record shows that there were no relations of confidence and trust existing between the parties. The subject of the sale was at hand and was examined and reexamined. There was some conflict in the evidence. The jury were properly instructed and resolved the facts in favor of defendant.

The judgment must be affirmed, and it is so ordered.

MORRIS, C. J., MAIN, ELLIS, and CHADWICK, JJ., concur.