[No. 12196.   Department Two.   March 19, 1915.]

## WINTON MOTOR CARRIAGE COMPANY, *Respondent*, v. FRANK S. BLOMBERG, *Appellant*.[1]

JUDGMENT—CONSENT TO ENTRY—VALIDITY—WAIVER OF PROOF—REVIEW.   Judgments by consent are valid as between the parties, dispensing with the necessity of proof of the complaint, and, in the absence of fraud or mistake, are not reviewable on appeal.

PLEADING — ANSWER TO AMENDED COMPLAINT — STRIKING MATTERS PREVIOUSLY WAIVED.   Where the defendant in an action of replevin for two motor cars waived his counterclaim as to damages for one of the cars, and agreed to judgment in favor of plaintiff for the possession of such car, he could not, in an answer to an amended complaint for the replevin of the other car, interpose a counterclaim for the damages so waived.

JUDGMENT—DISTINCT JUDGMENTS IN SAME CASE—SEPARABLE SUBJECT-MATTER—APPEAL AND ERROR—HARMLESS ERROR.   Where there are separable causes of action set up in an action, the entry of judgment by consent as to one cause and continuance as to the other is not prejudicial error, and nothing more than an irregularity when the court has jurisdiction of parties and subject-matter.

APPEAL AND ERROR—NOTICE OF APPEAL—SUFFICIENCY.   Where there were two judgments in one action, and appeal was taken from but one, without mentioning the other in the notice, the latter cannot be considered on appeal, in view of Rem. & Bal. Code, § 1719, which provides that the notice shall designate with reasonable certainty from what judgment or orders, whether one or more, the appeal is taken.

JUDGMENT—RES JUDICATA—REPLEVIN.   In an action to replevin two motor cars, where the parties stipulate in open court that judgment may be entered for the possession of one car and the cause continued as to the other car, and no appeal is taken from the judgment by consent or from an order refusing to vacate same, the judgment is *res judicata* as to all matters relating to the car involved in the consent judgment.

SALES — CONDITIONAL SALES — ACTIONS — DEFENSES — DEFAULT—WAIVER.   In an action of replevin for two motor vehicles, conditionally sold and in possession of a vendee in default, the defense of waiver of prompt payment on one car, is properly withdrawn from the jury, where the waiver was in consideration of prompt payment of sums due upon the other car, which payments had not been promptly paid.

[1]Reported in 147 Pac. 21.

EVIDENCE—PAROL—WRITTEN CONTRACT—CONTEMPORANEOUS AGREE-
MENT. Where a conditional sales contract for a motor vehicle with-
out warranty provided that "this contract contains all of the agree-
ments between the parties," evidence of a parol contemporaneous
warranty is inadmissible.

REPLEVIN—PROOF OF VALUE—SUFFICIENCY. In replevin for prop-
erty conditionally sold, proof of the amount due under the contract
is sufficient proof of the value of the property to uphold a money
judgment therefor.

REPLEVIN—VALUE OF PROPERTY—STATEMENT IN AFFIDAVIT. In an
action of replevin, the value stated in the affidavit should be taken
as the true value at the time of taking, where the defense presents
no evidence of a different value.

Appeal from  a judgment of the superior court for Spo-
kane county, Kennan, J., entered January 27, 1914, upon
the verdict of a jury rendered in favor of the plaintiff by di-
rection of the court, in an action of replevin. Affirmed.

*Peacock & Ludden* and *W. W. Barton*, for appellant.

*Alex M. Winston*, and *Richard B. Harris*, for respondent.

ELLIS, J.—This is an action in replevin, commenced July
24, 1913, to recover possession of one sixteen passenger au-
tomobile, throughout the record called the large car, alleged
to be of the value of $2,733.94, and one seven passenger au-
tomobile, called the small car, and alleged to be of the value
of $1,063.77.

The small car was purchased by the defendant from the
plaintiff on June 18, 1912, under a conditional contract of
sale, the purchase price being $3,285. At the time of the
commencement of the action, the amount due on this car
equaled the value alleged in the complaint. The contract was
in writing, contained no warranty, and the last sentence
reads: "This contract contains all the agreements between
the parties." At the time this action was commenced, the
payments stipulated in the contract were four months past
due.

The large car was purchased under a similar contract on April 18, 1913, and the payment stipulated in the contract to be made on June 18, 1913, was past due at the time of the commencement of this action.

On July 24, 1913, the cars were seized under the replevin writ, and on August 4, 1913, the defendant, desiring a redelivery of the small car, executed a bond for that purpose. The matter of the justification of the sureties on the bond on that day came before the court, Judge J. Stanley Webster presiding. Judge Webster, considering himself disqualified, had formerly declined to try the case, but with the acquiescence of both sides, consented to hear this matter. The time allowed for redelivery on bond had then expired. The defendant being present in person and represented by his counsel, Mr. Barton, and the plaintiff being represented by its counsel, Mr. Winston, the matter was disposed of by agreement as follows:

"Mr. Winston: If your honor please, in the case of The Winton Motor Car Company, a corporation, against Blomberg, there is a legal question up which your honor declined to hear; I will say that matters have been adjusted between us so that it is merely a matter of form of taking some testimony as to the sufficiency of a surety, whom I have already interrogated and I am satisfied is sufficient; we have agreed that in this case—there were two machines—motor cars—sold upon conditional sale; the plaintiff claiming that the defendant was in default in his payments instituted this action in replevin praying for delivery under our statute; the defendant desires to give a re-delivery bond as to one of the cars and that is agreeable to us, the understanding being that he shall give this re-delivery bond even though the time has passed for it and as to the other car, the other car not being now in controversy, that we may have judgment entered which will be prepared, adjudicating us to be entitled to possession; that is correct, is it not, Mr. Barton?

"Mr. Barton: We don't question either the ownership or possession of the one car, the large car; the only dispute is about the small car; that is the one for which we have given the bond.

"Mr. Winston: Yes, sir, and I simply say that because we have not prepared the judgment at this time. As soon as this bond has been executed, it can be approved later by Your Honor and they can have possession and I will present the judgment to Mr. Barton for his approval."

On the afternoon of August 4, 1913, counsel for plaintiff prepared a judgment following the above quoted understanding and presented it to Mr. Barton for his approval. Mr. Barton refused to agree to this, although he admitted that it followed the agreement previously entered into. On August 6, 1913, plaintiff's counsel notified defendant's counsel of the time and presented the judgment to the court for entry. Judge Webster waited for a couple of hours for Mr. Barton to arrive, and then talked with him over the phone, and finding Mr. Barton had no particular objections to the judgment but simply did not care to approve it until it had been submitted to his associate, Judge Webster finally signed the judgment. As to the small car, the cause was continued.

Thereafter the plaintiff filed an amended complaint reciting the seizure of the two cars, the entry of judgment as to the large car, the redelivery of the small car on the redelivery bond, and also alleged that plaintiff was the owner of and entitled to possession of the small car, and prayed for judgment awarding it possession thereof, or for $1,063.77 and interest, which was alleged to be the value of the small car.

The defendant, in his answer, alleged that, at the time of the sale of each car, the plaintiff agreed to replace without cost to defendant all broken parts on each car within one year from the date of its purchase. As to the large car, he alleged there were many defects in the workmanship and material and that it did not meet the specifications, and set up counterclaims aggregating $4,250. As to the small car, he alleged there were many similar defects, and for these set up counterclaims aggregating $1,638.65. Defendant also alleged that plaintiff had waived prompt payment of the amounts stipulated in the contract for the small car. On

September 26, 1913, upon motion of plaintiff, all allegations in the answer relative to the large car were stricken by the court, Judge Joseph Sessions presiding. On October 7, 1913, defendant moved the court, Judge Bruce Blake presiding, to vacate the judgment theretofore entered. On November 7, the motion was denied. No appeal has been taken either from this judgment or from the order denying the motion to vacate it.

In January, 1914, the cause came on for trial to a jury, Judge Henry L. Kennan presiding. The plaintiff proved the purchase under contract of the small car by the defendant, proved the delinquency in payments and demand for payment or forfeiture of the contract, the demand for payment or forfeiture being by a letter from counsel for plaintiff to defendant on July 15, 1913 (nine days before the commencement of this action), in part as follows:

"This is to advise you that I have been instructed by the company to say to you, and I say to you on its behalf, that unless the over due payments are made in full at the office of the company in this city on or before Saturday the 19th day of July, 1913, that the company hereby elects, under the provisions of said contracts, to take possession of the cars, and I, therefore, if these payments have not been made by Saturday, demand that you deliver possession of the cars to the company at their office in this city. I am authorized and directed to say that unless you either pay or surrender possession of the cars that suit will be brought against you to replevin the same on Monday next.

"If you desire to make any terms or conditions, it will be useless to see me as I have no authority to do anything further than I have indicated. Inasmuch as it may be difficult for you to raise this much money by Saturday, I would suggest that you raise what you can, see the local office, and endeavor to have them communicate with the company and arrange for an extension."

Subject to the objection of plaintiff, the defendant offered testimony to show a contemporaneous oral agreement between the parties whereby the plaintiff agreed to replace with-

out cost to defendant all broken parts on the small car within a period of one year from the date of its purchase. Defendant proved that, within a year of the date of purchase, the frame or chassis of the car broke. Defendant's testimony does not show that this was the result of any defect in the material or workmanship, except that one witness testified that the frame was too light, although he admitted that he had not examined the break closely. Defendant proved that two crank shafts had broken, but this was subsequent to the expiration of the year following the purchase of the car. He also testified to other repairs that were necessary before the expiration of the year, but in none of these did he show that it was due to any defect in the material or workmanship.

Defendant and his wife both testified, over plaintiff's objection, that, at the time of purchasing the large car, the agent waived prompt payment of the several installments due on the small car. The written contract between the parties, however, expressly stipulates: "The Winton Motor Car Company, is not responsible for any agreement or promise other than written or printed on the face of this contract and holds the option of accepting or rejecting the terms and conditions of sale when made by its agents."

At the close of all the evidence, upon motion of plaintiff, the court directed a verdict in favor of the plaintiff, and on January 27, 1914, judgment was entered upon the verdict, adjudging plaintiff the owner of and entitled to the immediate possession of the small car, that defendant deliver the car to plaintiff, and in default thereof that plaintiff have and recover from defendant the sum of $1,090.37 and costs. Defendant's motion for new trial was overruled. He appeals.

The appellant's claims of error may be grouped as follows: (1) that the court erred in refusing to vacate the first judgment disposing of the large car, and in striking the allegations of the answer touching the large car, and in refusing to admit evidence in support of the counterclaim founded thereon; (2) that the court erred in taking the case from the jury

in that there was evidence tending to show that, at the time of sale of the large car, the respondent waived prompt payments on the contract for the small car if payments on the large car were promptly made; (3) that the court erred in not submitting the questions of warranty and breach of warranty to the jury; (4) that there was a failure of proof in that there was no evidence of the value of the small car.

(I)   The first contention presents the dominant question in this case.   It is manifest that, if the judgment of August 6, 1913, was a valid judgment it foreclosed all claims of the appellant touching the large car, and the court therefore committed no error in striking the counterclaim founded thereon and in refusing to admit evidence thereof.   That judgment was entered on the original complaint and the oral stipulation of the parties made in open court.   Judgments by consent are valid as between the parties, and in the absence of fraud or mistake, will not be reviewed on appeal.   *Port v. Parfit,* 4 Wash. 369, 30 Pac. 328; *Humphries v. Sorenson,* 33 Wash. 563, 74 Pac. 690.   The consent to judgment dispenses with the necessity of proof of the allegations of the complaint. *Brown v. Smedley,* 136 Mich. 70, 98 N. W. 857; *Harniska v. Dolph,* 133 Fed. 158; *Beebe v. Beebe Co.,* 64 N. J. L. 497, 46 Atl. 168; *Crouse v. Derbyshire,* 10 Mich. 479, 82 Am. Dec. 51; *Manley v. Johnson,* 85 Vt. 262, 81 Atl. 919; *Indianapolis, D. & W. R. Co. v. Sands,* 133 Ind. 433, 32 N. E. 722. Every issue raised in the subsequent answer to the amended complaint by way of counterclaim for damages for breach of warranty and for a return of the purchase price paid on the large car could have been raised by answer to the original complaint.   By his failure to answer the allegations touching the large car in the original complaint, and stipulating, in the words of his counsel, that "the only dispute is about the small car," the appellant waived these claims.   Having been waived as matter of defense and counterclaim to the complaint so far as it originally related to the large car, they could not thereafter be asserted as matter of defense and counterclaim to

the amended complaint relating solely to the small car. Having waived these matters in the transaction out of which they arose, he waived them for all purposes.

We find no merit in the claim that the first judgment was a nullity in that there cannot be two judgments in the same action. The subject-matter of the action was capable of segregation, and was so treated by the stipulation. The first judgment disposed of the controversy and correctly determined the rights of ·the parties touching the large car according to their stipulation. Under the stipulation, that is exactly what would have been done had the same adjudication been included in a single judgment also disposing of the small car. Under these conditions, it was not error to enter the first judgment and continue the case as to the distinct and separable subject-matter still in controversy. *Plummer v. Park*, 62 Neb. 665, 87 N. W. 534; *Collins v. Hines* (Tex. Civ. App.), 100 S. W. 359.

Taking the view most favorable to the appellant's contention, the entry of two judgments, disposing separately of the two distinct matters in controversy, was no more than an irregularity. There was no lack of jurisdiction, either of parties or subject-matter. Neither the first judgment nor the order refusing to vacate was an interlocutory order. The first judgment was final and appealable. So, also, was Judge Blake's order refusing to vacate it. No separate appeal was taken from either of these, nor was either included in or mentioned in the notice of appeal from the last judgment. While two or more appealable orders may be embraced in one appeal, the statute expressly provides that the notice of appeal shall designate with reasonable certainty from what judgment or orders, whether one or more, the appeal is taken. Rem. & Bal. Code, § 1719 (P. C. 81 § 1189). We cannot review either the judgment or the order. *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634; *Smith v. Stiles*, 68 Wash. 345, 123 Pac. 448; *State ex rel. Dutch Miller Min. & Smelting Co. v. Superior Court*, 30 Wash. 43, 70 Pac. 102.

No appeal of any kind having been taken from the first judgment or from the order refusing to vacate it, that judgment is *res judicata* as to the whole controversy touching the large car. *Chezum v. Claypool*, 22 Wash. 498, 61 Pac. 157, 79 Am. St. 955. We find no error in striking the first counterclaim and refusing to submit evidence thereof to the jury.

(II) Our disposition of the first contention disposes also of the second. The alleged waiver of prompt payments on the small car was asserted to be in consideration of prompt payments on the large car. The appellant himself testified that, at the time suit was brought, one installment of $300 was overdue on the large car. The first judgment precluded the assertion of any counterclaim as an offset against this installment. The appellant, therefore, failed to meet the consideration for the alleged waiver. There was absolutely no evidence upon which this phase of the case could have been properly submitted to the jury, except on instruction to find against the appellant.

The kindred claim that the respondent, by accepting partial payments on some of the installments due on the small car, waived the right to declare a forfeiture on the conditional sale contract for that car without demand and notice, does not help the appellant. The evidence was uncontradicted that none of these indulgences occurred after the default on the large car. Even on the appellant's theory, these indulgences must be referred to the supplemental oral agreement which he himself had violated by his failure to make prompt payments on the large car. Moreover, as the evidence shows, demand and notice of forfeiture were actually made and given some nine days prior to suit. We find no error in taking this defense from the jury.

(III) The appellant's testimony touching the alleged verbal warranty of the small car was to the effect that the respondent agreed to replace parts defective in material or workmanship for one year upon delivery of the old parts, transportation charges prepaid, at the respondent's branch

house in Seattle.  The only evidence of any defect attributed
to workmanship or material was the breaking of the frame or
chassis, which it was claimed was too light.  This was re-
paired without cost to the appellant, and no further complaint
was made with regard to it until after the commencement of
this action.  The appellant's evidence did not establish a
breach, even had the warranty been admitted by the respond-
ent.  It was denied, however, and the evidence touching the
warranty was admitted over the respondent's objection that it
was an attempt to vary the terms of the written contract by
parol evidence.  We think that this objection should have been
sustained.  The conditional sale contract not only contained
no warranty, but contained a stipulation that "this contract
contains all of the agreements between the parties."  Clearly
the effort to engraft upon this contract the warranty now
claimed was an attempt to vary and contradict the express
terms of a written agreement, complete on its face, by a parol
contemporaneous agreement.  *Buffalo Pitts Co. v. Shriner*, 41
Wash. 146, 82 Pac. 1016; *Smith Sand & Gravel Co. v. Corbin*,
75 Wash. 635, 135 Pac. 472; *Hooven & Allison Co. v. Wirtz*,
15 N. D. 477, 107 N. W. 1078; *Electric Storage Battery Co.
v. Waterloo, C. F. & N. R. Co.*, 138 Iowa 369, 116 N. W. 144,
19 L. R. A. (N. S.) 1183, and note.

"Whether the written contract fully expressed the terms
of the agreement was a question for the court, and since it
was in this instance complete and perfect on its face, without
ambiguity, and embracing the whole subject-matter, it ob-
viously could not be determined to be less comprehensive than
it was.  And this conclusion is unaffected by the fact that it
did not allude to the capacity of the particular machine.  To
hold that mere silence opened the door to parol evidence in
that regard would be to beg the whole question."  *Seitz v.
Brewers' Refrigerating Co.*, 141 U. S. 510, 517.

In view of the written contract complete on its face, the
court committed no error in refusing to submit evidence touch-
ing the contemporaneous verbal warranty to the jury.

(4)   The claim that there was no proof to support a money judgment, in that the value of the small car was not proven, merits scant notice.   The appellant concedes the rule that, in actions to recover machinery or its value, sold under a conditional bill of sale, the proper measure of its value to the plaintiff is the balance due on the contract price.   *Hallidie Mach. Co. v. Whidbey Island Sand & Gravel Co.*, 62 Wash. 604, 114 Pac. 457.

The amount due on the sale of the small car, with interest on the unpaid installments to the time of suit, was clearly established by the evidence to be $1,063.77, the value alleged in the complaint.   This, with interest at the legal rate to the date of trial, amounted to $1,090.37, the amount of the judgment.   This was sufficient proof under the rule announced in the *Hallidie* case.   Moreover, in case of replevin of converted property, it is the established law of this state that the value stated in the affidavit will be taken as the true value at the time of the taking, unless the defense gives some evidence showing a different value.   *Peterson v. Woolery*, 9 Wash. 390, 37 Pac. 416; *Armour v. Seixas*, 80 Wash. 181, 141 Pac. 308.

No good reason can be assigned for applying a different rule to the allegation contained in a complaint for the recovery of property sold on conditional sale, or its value, in the absence of evidence that the actual value was different from the amount due on the contract.   The appellant offered no evidence of a different value from that alleged and proven by the respondent.   The evidence offers no question of value for submission to the jury.

The judgment is affirmed.

CROW, FULLERTON, MOUNT, and MAIN, JJ., concur.