[No. 15510. Department Two. January 7, 1920.]

Edward Wells, *Respondent*, v. Samuel Walker et al., *Appellants.*[1]

SALES (59)—RESCISSION BY BUYER—CONDITIONS PRECEDENT—PLACING IN STATU QUO. In an action to rescind a sale or trade of an automobile, procured by fraud, inability to place the parties in *statu quo* cannot be asserted, where plaintiff offered to take back his car, and the condition of the defendant's car was such that its use was of no value to the plaintiff, and defendant raised no issue as to the value of such use.

EVIDENCE (167)—PAROL EVIDENCE—FRAUD. In an action to rescind a sale on the ground of fraud, evidence of false representations is admissible, notwithstanding the contract recited that no representation was made other than those contained in the writing.

APPEAL (462)—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Error in instructions to the jury are harmless where the verdict was only advisory.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered March 29, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action to rescind a contract for fraud. Affirmed.

[1]Reported in 186 Pac. 857.

*Noah Shakespeare* and *Louis A. Merrick,* for appellants.

*S. A. Bostwick* and *J. Y. Kennedy,* for respondent.

TOLMAN, J.—Respondent, in his amended complaint, upon which the case was tried, alleged, in substance, that he had purchased an automobile truck from appellants in reliance upon their representations that the engine was a 1915 Buick model, in good condition and perfect repair, and that the truck was capable of carrying a three-ton load over ordinary roads, which representations are alleged to have been false and fraudulently made to induce the sale. The purchase price was $500, one hundred dollars of which was paid in cash, and one hundred dollars by turning in an old machine. The remaining three hundred dollars was to be paid at the rate of twenty-five dollars per month. Four such monthly payments are alleged to have been made. The complaint also alleges a tendered return of the truck, coupled with a demand for the money paid, and the redelivery of the car turned in as part payment, or its value. This tender and demand is admitted by the answer. Respondent also pleaded a second cause of action for damages, based upon the same representations, but this cause of action was withdrawn or abandoned during the course of the trial, and need not be further referred to.

Appellants complain because the action was tried as one for the rescission of a contract procured by fraud, and assert that such an action can only be maintained when the parties can be placed in *statu quo*. Admitting the rule contended for, still we find no error in that respect, for respondent's offer to receive back the car which he turned in as part payment is admitted by the pleadings, and that he failed to offer, by his complaint or by evidence, to pay the reasonable value of the use

of the truck between the time of its purchase and the time of the rescission of the contract, is well accounted for by his testimony to the effect that he had trouble with the truck from the first, continuously. The conclusion may well be drawn therefrom that the use of the truck was of no value to him. Nor did appellants, by their answer, raise any issue as to the use of the truck or the value of such use.

Errors assigned upon the admission of testimony regarding the alleged false representations, thereby, as it is argued, permitting parol evidence tending to vary the terms of a written contract, which recites that no representations were made other than those contained therein, cannot be sustained here, because, as we have seen, this is an action for rescission of the contract on the ground of fraud. *Schroeder v. Hotel Commercial Co.*, 84 Wash. 685, 147 Pac. 417. Errors are assigned also upon instructions given and refused, but aside from finding no reversible error therein, it appears that the trial court well knew, and stated the fact to be, that, in a case of this kind, the verdict of the jury would be advisory only and not binding upon him, hence the question of instructions is immaterial here.

Appellant's main argument is directed to errors assigned upon the failure of the trial court to grant their motion to dismiss, or direct a verdict in their favor. These assignments bring up for review the evidence, which we have examined, considered and carefully weighed, and while it is conflicting, we are not prepared to say that the trial court, who heard and saw the witnesses, committed error in adopting the verdict of the jury.

The judgment appealed from is affirmed.

Holcomb, C. J., Fullerton, Mount, and Bridges, JJ., concur.