[No. 17385.  Department Two.  January 17, 1923.]

PRODUCERS GROCERY COMPANY, *Respondents,* v. BLACKWELL MOTOR COMPANY *et al.,* *Appellants.*[1]

EVIDENCE (167)—PAROL EVIDENCE—FRAUD.  Evidence of fraudulent representations made by an agent to induce the sale of a second-hand truck is not inadmissible as varying the terms of a written contract because the written contract of sale provided that the seller will not be bound by any representations, agreements, express or implied, not specified therein.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered February 6, 1922, upon findings in favor of the plaintiff, in an action for rescission for fraud, tried to the court.  Affirmed.

*E. H. Belden,* for appellants.

*C. W. Greenough* and *C. T. McDonald,* for respondents.

BRIDGES, J.—The appellant, Blackwell Motor Company, through its agent, the appellant Solberg, sold to the respondents a Reo auto truck. Seven hundred and thirty-one dollars of the purchase price was paid at

[1] Reported in 212 Pac. 154.

the time of the purchase, and a conditional sales contract covered the future payments. The respondents, claiming to have learned that they had been defrauded because of misrepresentations, refused to make the first deferred payment, and as a result thereof the appellant motor company claimed forfeiture of the amount paid and took possession of the truck. Thereafter the respondents brought this action to recover the portion of the purchase price that had been paid. The appeal is from the judgment in favor of the respondents.

Respondents' testimony was to the effect that the agent, Solberg, brought to their place of business in Spokane a Reo truck, demonstrated it to them, and represented to them that it was a 1920 model, had been used only a few weeks, had been run about 4,000 miles and was in first-class condition and nearly as good as new; that in purchasing the machine they relied entirely upon these representations; that, after they had purchased the machine and entered into the conditional sales contract, they learned that the truck which had been sold to them was a 1919 model, had been run more than 10,000 miles and was not in good repair.

The appellants' witnesses denied that these representations were made with reference to the particular truck which had been sold to the respondent, but admitted that such representations may have been made with reference to another Reo truck which had been demonstrated to the respondents a month or two before the purchase was made. The trial court, however, found that the representations above mentioned were made with reference to the particular truck which was sold and delivered to the respondents, and that such representations were not true; that, instead of the truck being a 1920 model, it was a 1919 model; that

it had been driven more than 10,000 miles, instead of 4,000 miles as represented, and that it was not in a good state of repair. In their complaint the respondents had pleaded not only the false representations with reference to the truck in question, but further alleged that the truck which was delivered to them was not the same truck that had been shown and demonstrated to them. The court, however, found that the respondents received the identical truck which had been demonstrated to them. A reading of the testimony fails to convince us that the findings of the trial court were wrong.

While upon its face this is an action for the recovery of the purchase price paid, it is in effect an action to rescind the contract, based upon fraud entering into and inducing its execution. After the truck had been demonstrated and before the execution of the conditional sales contract, the respondents gave to appellant a written order for the truck, which, after describing it, recited that "it is understood that the Blackwell Motor Company will not be bound by any understandings, agreements, or representations, express or implied, that are not specified herein." It is claimed by appellants that the oral testimony with reference to the representations alleged to have been made by the appellant Solberg was not admissible because it tended to vary and contradict the terms of the written order. If the oral testimony had been with reference to oral warranties, then the rule contended for by appellants would be applicable, but it is inapplicable as against testimony tending to show fraud or false representations which were relied upon and which entered into the making of the contract of purchase. Fraud vitiates everything it touches and is not merged in the written contract. *Schroeder v. Hotel Commercial Co.,* 84

Wash. 685, 147 Pac. 417; *Wells v. Walker,* 109 Wash. 332, 186 Pac. 857; 22 C. J. 1215; 10 R. C. L. 1058.

The judgment is affirmed.

PARKER, MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.