[No. 19815.   Department One.   October 21, 1926.]

HOLCOMB & HOKE MANUFACTURING COMPANY, *Appellant*,
v. AUTO INTERURBAN COMPANY, *Respondent*.[1]

[1] FRAUD (4)—DECEPTION CONSTITUTING—MATTERS OF FACT OR
OPINION.  Representations inducing a sale of a popcorn machine
are actionable representations of fact and not mere expressions
of opinion, where plaintiff represented that he had defendant's
place of business under observation for several days and had
computed the amount of his business as an expert, and therefrom
represented the amount of the defendant's net profits if he would
buy a machine, which representations were false and fraudulent.

[2] EVIDENCE (167)—PAROL EVIDENCE INVALIDATING WRITING—FRAUD.
The clause in a conditional sales contract to the effect that no
agreement, verbal or otherwise, could have any force unless con-
tained therein, does not preclude recovery for fraudulent re-
presentations inducing the purchase.

Appeal from a judgment of the superior court for
Spokane county, Webster, J., entered November 3,
1925, upon the verdict of a jury rendered in favor of
the defendant in an action on contract.  Affirmed.

*E. H. Belden,* for appellant.
*McCarthy, Edge & Lantz,* for respondent.

FULLERTON, J.—On November 19, 1923, Holcomb &
Hoke Manufacturing Company sold to the respondent,
Auto Interurban Company, a Butter-Kist Popcorn
Machine, on a conditional sales contract.  The contract
price of the machine was $895.  Of this sum, $150 was
paid in cash, and the balance was agreed to be paid in
bi-weekly installments of $29.50 each, and a final in-
stallment of $5.50.  The contract provided that a prom-
issory note should be given for the deferred payments,
and such an instrument was given, although, perhaps,
not in form a negotiable instrument.  Both the con-

¹Reported in 250 Pac. 34.

tract and the note provided that a default in the payment of any installment of the purchase price when due should render the unpaid balance immediately due and collectible.

The purchaser refused to make any of the deferred payments, whereupon the appellant began the present action to recover upon the note. At the commencement of its action, it sued out a writ of attachment under which the machine was seized and taken from the possession of the purchaser. The purchaser at no time questioned the right of the appellant to retake possession of the machine, and made no defense against the writ of attachment. It, however, defended against any recovery on the note, and sought to recover the cash payment made upon the purchase price. Its ground of defense and ground of recovery was fraud. It alleged that it, together with others, was operating a terminal station in the city of Spokane for urban bus lines, at which station the authorized agent of the appellant appeared and offered to sell it one of the appellant's machines. That the agent, to induce the respondent to purchase the machine, falsely and fraudulently represented to the respondent that he had been for several days investigating the condition of the respondent's place of business and counting the number of people that went in and out of the place; that he was an expert in such matters, and had been engaged for a number of years in installing such machines, and was able to tell from the number and character of the people who frequented a particular place whether such a machine could be profitably operated therein or not; that if the respondent would purchase such a machine and install it in its place of business the machine would produce sufficient revenue to meet all expenses of operation and earn a net profit of at least $60 per month; and that all of such machines operated in the city of

Spokane were operated at a profit. It further alleged that each and all of the representations so made were false, and known to be so when made, and were made with false and fraudulent purpose of inducing it to purchase a machine; that it was without knowledge of the falsity of the representations, and contracted to purchase the machine in reliance thereon; and that after installing the machine and operating it for a reasonable time, it found that the machine could not be operated at a profit. It also alleged that it tendered a delivery of the machine to the appellant and demanded a return of the sum it had paid upon the purchase price.

At the trial, which was had before the court sitting with a jury, the evidence on the part of the respondent tended to substantiate the allegations of its answer. The jury returned a verdict in the respondent's favor, and it is from the judgment entered upon the verdict that the present appeal is prosecuted.

[1] The assignments of error question the sufficiency of the facts to justify the verdict and judgment. It is argued that the representations made by the agent are mere expressions of opinion and are for that reason not actionable. But we are clear that the representations here made are actionable. It is, of course, sometimes difficult to determine whether a given statement is one of opinion or one of fact, as the subject matter, the form of the statement, the surrounding circumstances, and the respective knowledge of the parties each have a bearing upon the question; and there may be a want of one or more of the controlling circumstances. But there is a distinct line of demarkation between the rule for which the appellant contends and the one here applicable. If one merely states, that in his opinion, no matter what form the words may take, a given result will follow from a given act, no action

will lie upon the expression, no matter how much another may have relied thereon to his injury. But if he states that he has, by reason of his observations and experience, particular knowledge of the subject, and knows because of his particular knowledge that a given result will follow from the given act, an action will lie thereon, if it is falsely made, by one who has acted thereon to his injury. The distinction is that, in the one instance, there is merely the expression of an opinion, while in the other, there is a statement of fact blended with the expression of opinion; there is an implied assertion that he knows facts which justify and make certain his opinion. The representations used in the instant case fall within the latter rule. There was a representation of knowledge of particular facts on which the expression of opinion was based, facts of which the agent had knowledge but which were unknown to the purchaser.

[2] The other grounds of objection are founded upon the language of the contract of conditional sale. It is recited therein that the order is not subject to countermand, and does not depend for its validity on any condition not set forth therein, and that

"  .  .  .  no agreement, verbal or otherwise, or representation or claim of any kind shall have force unless contained in this order."

But we have repeatedly held that provisions of this sort in a contract cannot be used as a cloak to cover fraud. Our latest expression on the subject is found in the case of *Producers Grocery Co. v. Blackwell Motor Company*, 123 Wash. 144, 212 Pac. 154. In that case, the appellant had sold to the respondent a Reo auto truck on a conditional sales contract. The deferred payments were not made, whereupon the appellant took possession of the truck under the terms of the contract.

The respondent thereupon began an action to recover the sums it had paid on the purchase price, on the ground that it had been induced to make the purchase because of the fraudulent representations of the appellant's agent. There was a recovery in the trial court and an appeal from the judgment entered. Concerning the question here involved, we used this language:

"While upon its face this is an action for the recovery of the purchase price paid, it is, in effect, an action to rescind the contract, based upon fraud entering into and inducing its execution. After the truck had been demonstrated and before the execution of the conditional sales contract, the respondents gave to appellant a written order for the truck, which, after describing it, recited that 'it is understood that the Blackwell Motor Company will not be bound by any understandings, agreements or representations, express or implied, that are not specified herein.' It is claimed by appellants that the oral testimony with reference to the representations alleged to have been made by the appellant Solberg was not admissible because it tended to vary and contradict the terms of the written order. If the oral testimony had been with reference to oral warranties, then the rule contended for by appellants would be applicable, but it is inapplicable, as against testimony tending to show fraud or false representations which were relied upon and which entered into the making of the contract of purchase. Fraud vitiates everything it touches and is not merged in the written contract. *Schroeder v. Hotel Commercial Co.*, 84 Wash. 685, 147 Pac. 417; *Wells v. Walker,* 109 Wash. 332, 186 Pac. 857; 22 C. J. 1215; 10 R. C. L. 1058."

The judgment is affirmed.

TOLMAN, C. J., HOLCOMB, MITCHELL, and BRIDGES, JJ., concur.