[No. 22744. Department Two. January 30, 1931.]

WILLIAM WELLER, *Respondent*, v. ADVANCE-RUMELY THRESHER COMPANY, INCORPORATED, *Appellant*.[1]

*Williams & Cornelius,* for appellant.
*G. E. Lovell,* for respondent.

MITCHELL, J.—Under an order of June 28, 1929, the Advance-Rumely Thresher Company, Inc., a corporation, sold and, on about July 7, 1929, delivered to William Weller one Advance-Rumely No. 2, 16 ft. Header Prairie combine harvester, together with cer-

[1]Reported in 295 Pac. 482.

tain attachments, in consideration of $2,170 cash and a second-hand harvester. The sale was made and the combine harvester delivered through one Henry Clodius, resident or local agent for the harvester company. Weller promptly and faithfully tested the machine in the harvest field, and, finding it unsuited for his purposes, so notified the company at its home office in La Porte, Indiana, and also so notified the agent, to whom delivery of the machine was tendered at the place it had been received by Mr. Weller. The notices thus given were in writing. Weller, claiming to have been defrauded by the agent who procured the order and made the sale and delivery, brought suit against the Advance-Rumely Thresher Company, to recover the purchase price. Upon the trial, there was a verdict for the plaintiff. The defendant has appealed from a judgment on the verdict.

In the complaint, it was alleged that the agent was experienced in the use of harvesting machines, and had harvested grain on the lands belonging to Weller, and on which he knew the harvester being purchased was to be used, upon which the crop was growing at that time, and that the agent represented that the combine harvester in question was appropriate for, and the kind to be used to cut, the grain on plaintiff's lands; that the statement was false, in that the machine was not fitted for land such as the plaintiff had; that the agent made the false representation for the purpose of deceiving the plaintiff; that plaintiff relied on the statement so made to him, "and immediately, upon finding that the statements were false, tendered the machine back to the defendant, and now tenders the machine back to defendant at the place where it was delivered to him."

In several ways at the trial, and in this court by several assignments of error, the appellant has questioned

the sufficiency of the evidence to justify the verdict and judgment. The evidence has been examined, and we are satisfied that, notwithstanding some conflict, there was abundant evidence to justify the verdict.

In testing the machine in the harvest field, upon finding that it would not work well, the respondent and the appellant's agent, seeking to overcome the trouble, improvised and attached a small device to the machine. Appellant objected to any testimony on that subject, and later, unsuccessfully moved to have it withdrawn. In our opinion the testimony was proper, going to show the good faith of the respondent in testing or trying out the machine.

Other assignments of error rest upon certain language of the written order and also of the written receipt given by the respondent for the property, which language was intended to provide against conditions or warranties, expressed or implied, of quality, fitness, capacity, or otherwise, of the goods other than or different from the terms of the order; and that, as the grounds of the alleged fraud relate to matters not covered by the language of the written contract, therefore the respondent is estopped from making his present complaint; and that the agent he claims made them, was without authority to make the alleged misstatements so as to bind the appellant.

Manifestly, counsel for the appellant misconceives the character of this action. It is not one for the breach of any condition or covenant or warranty contained in the written contract, or of any orally made by the agent of the appellant, but on the contrary, as stated in the case of *Producers Grocery Co. v. Blackwell Motor Co.*, 123 Wash. 144, 212 Pac. 154,

"While upon its face this is an action for the recovery of the purchase price paid, it is in effect an action to rescind the contract, based upon fraud entering into and inducing its execution."

That is precisely what is attempted in this case by the respondent, who alleged, and proved to the satisfaction of the jury, that he would not have made payment to the appellant through its agent, who not only took the order for the goods, but actually and personally delivered them to the respondent, but for the fraud of that agent in procuring the contract. The action is based on fraud in the inception of the contract, and not upon the breach of any condition or warranty, written or oral, direct or indirect, by either the principal or its agent.

Referring to similar language in a contract this court, in *Holcomb & Hoke Mfg. Co. v. Auto Interurban Co.*, 140 Wash. 581, 250 Pac. 34, said:

"But we have repeatedly held that provisions of this sort in a contract cannot be used as a cloak to cover fraud. Our latest expression on the subject is found in the case of *Producers Grocery Co. v. Blackwell Motor Co.*, 123 Wash. 144, 212 Pac. 154."

This court then quoted somewhat at length from that case, including the statement therein found to the effect that "Fraud vitiates everything it touches and is not merged in the written contract."

By detaching a portion of one instruction, counsel for appellant argue that the jury was told fraud could be established by the greater weight of the evidence. The language seized upon for the argument, was used by the trial court immediately upon defining the issues presented by the complaint and several affirmative defenses. Specifically, however, upon the subject of fraud the court said:

"In this connection you are instructed that it is a presumption of law that men act honestly and in good faith; that fraud is not to be presumed; and that in order for you to find that any fraudulent representations were made by Henry Clodius as alleged in

514

the complaint, the evidence of such representations must be clear, cogent, and. convincing.''

This, in our opinion, made the matter clear. In the instructions later on, cautionary advice was given that the instructions were given by the court as a whole, and were to be so considered by the jury.

Several other assignments of error have been presented, but in our opinion they require no separate or distinctive consideration, but are sufficiently covered by what has already been said in this opinion.

Judgment affirmed.

MILLARD, FULLERTON, HOLCOMB, and BEALS, JJ., concur.