[No. 24672. *En Banc.* July 3, 1934.]

M. Webster, *Respondent*, v. L. Romano Engineering Corporation, *Appellant.*[1]

*Bogle, Bogle & Gates* and *Ray Dumett,* for appellant.

*Robert P. Oldham* and *Maurice H. Cooperman,* for respondent.

Blake, J.—Under a written contract, dated July 2, 1931, the defendant, L. Romano Engineering Corpo-

[1]Reported in 34 P. (2d) 428.

ration, purchased from Howard-Cooper Corporation a Ryan Dual Blade Patrol Grader at the agreed price of $3,017.50. On August 31, 1931, defendant paid $1,508.75 on account of the purchase price. Defendant having failed to pay the balance, Howard-Cooper Corporation assigned the account to plaintiff, who brought this action on the contract to recover the balance due. The defendant answered, admitting the contract and balance due, as alleged in the complaint, and, by way of affirmative defense and set-off, alleged that it was induced to enter into the contract by reason of certain "representations, guarantees and warranties" made by the agent of Howard-Cooper Corporation at and prior to the time the written contract was executed.

The gist of the alleged representations, guarantees and warranties is that defendant described to the agent the character of the soil and conditions under which it would be necessary to operate the grader; that the agent assured defendant that the grader was adapted to the conditions described, and would perform the work for which defendant intended to use it; that the grader was not adapted to the character of work and conditions described, and failed to perform the work for which defendant intended to use it.

The trial court declined to admit evidence in support of the affirmative defense. From judgment in favor of plaintiff for the balance of the purchase price, defendant appeals. All assignments of error are predicated on the exclusion of evidence in support of the affirmative defense.

To begin with, it must be borne in mind that Howard-Cooper Corporation was merely a dealer—not the manufacturer of the grader. The appellant did not purchase a certain definite machine designed for its particular work, but a stock grader of a known and described kind. Under such circumstances, there

can be no implied warranty of fitness for the purpose designed, even though the buyer may have made known to the seller the intended use. Rem. Rev. Stat., § 5836-15, subd. 4; *Hoyt v. Hainsworth Motor Co.,* 112 Wash. 440, 192 Pac. 918; *Long v. Five Hundred Co.,* 123 Wash. 347, 212 Pac. 559; *Reynolds v. General Electric Co.,* 141 Fed. 551.

■ The written contract contained the following stipulation:

"It is understood that this contract embodies the entire agreement between the parties and that there are no verbal understandings or agreements other than as expressed herein."

We have uniformly held that, under such a provision, evidence of express oral warranties is inadmissible. *Eilers Music House v. Oriental Co.,* 69 Wash. 618, 125 Pac. 1023; *Winton Motor Carriage Co. v. Bloomberg,* 84 Wash. 451, 147 Pac. 21; *Western Farquhar Machinery Co. v. Pierce,* 108 Wash. 621, 185 Pac. 570.

So it is quite clear that evidence in support of the allegations of the affirmative defense was inadmissible on the theory of warranty—either implied or express.

■ But appellant contends that the representations alleged amount to fraud. It will be conceded, of course, that one cannot stipulate against an action for deceit when he perpetrates a fraud inducing the contract. But what is fraud? This court has been reluctant to circumscribe it by definition. *Knutsen v. Alitak Fish Co.,* 176 Wash. 169, 28 P. (2d) 334; *American Savings Bank & Trust Co. v. Bremerton Gas Co.,* 99 Wash. 18, 168 Pac. 775. We have, however, along with all other courts, recognized certain essential elements that enter into its composition. These are: (1) A representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its

falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage. 26 C. J., p. 1062, §§ 6 and 7; *Grant v. Huschke,* 74 Wash. 257, 133 Pac. 447; *Raser v. Moomaw,* 78 Wash. 653, 139 Pac. 622, 51 L. R. A. (N. S.) 707; *Hamilton v. Mihills,* 92 Wash. 675, 159 Pac. 887.

It is quite obvious, we think, that several of these elements are lacking in the representations relied upon in the instant case. We shall discuss, however, only the first—the basic element of an action for deceit. The representation must relate to an existing fact. Speaking of this point, in *Tacoma v. Tacoma Light & Water Co.,* 16 Wash. 288, 305, 47 Pac. 738, we said:

"It [the representation] did not relate to a *past transaction* nor was it the statement of an existing fact. It was a mere estimate of what they would do in the future, and fraud cannot be predicated upon it."

See, also, *Stewart v. Larkin,* 74 Wash. 681, 134 Pac. 186, L. R. A. 1916B, 1069.

Measured by this standard, the representations relied upon by appellant cannot form the basis of an action for deceit. They are expressions of opinion about something to take place in the future, namely, what the grader would do under certain conditions. They relate neither to a past transaction nor to an existing fact.

Appellant cites many cases from this and other jurisdictions which it deems support its contention that the representations set up in the affirmative defense amount to fraud. We think that only one bears sufficiently close analogy to the case at bar to re-

quire comment. *Weller v. Advance-Rumely Thresher Co.,* 160 Wash. 510, 295 Pac. 482. In that case, the allegations of the complaint were

"That the agent was experienced in the use of harvesting machines, and had harvested grain on the lands belonging to Weller, and on which he knew the harvester being purchased was to be used, upon which the crop was growing at that time, and that the agent represented that the combine harvester in question was appropriate for, and the kind to be used to cut, the grain on plaintiff's lands; that the statement was false, in that the machine was not fitted for land such as the plaintiff had; that the agent made the false representation for the purpose of deceiving the plaintiff."

The court there held that, in view of the salesman's special and peculiar knowledge of the land upon which, and the conditions under which, the thresher was to be operated, his statements amounted to representations of fact. In the instant case, however, there is neither allegation nor offer of proof of such special and peculiar knowledge on the part of the vendor's agent. On the contrary, it is clear from the evidence that the agent had no such knowledge. The grader was to be used on roads in the Cascade mountains, in Skagit and Whatcom counties. The contract was executed in Seattle. It is not suggested that, at any time prior thereto, any agent or employee of the vendor was ever closer than that to the location of the work. Again, in the cited case, the seller was a manufacturer; in the instant case, the seller was merely a dealer. We fail to see how, under the circumstances of the instant case, the alleged representation can be regarded in any light other than as "dealer's talk," or, at most, as verbal warranties.

Only by greatly extending the doctrine of *Weller v. Advance Rumely Thresher Co., supra,* could the alle-

gations set up in appellant's affirmative defense be held to amount to fraud. The trial court was correct in excluding evidence in support thereof.

Judgment affirmed.

MAIN, STEINERT, MILLARD, and GERAGHTY, JJ., concur.

HOLCOMB, J. (dissenting)—It is plain that the majority utterly disregard the force and effect of all of our cases holding that fraud vitiates everything it touches, and is not merged in the written contract. *Dieterich v. Rice,* 115 Wash. 365, 197 Pac. 1; *Little Co. v. Fynboh,* 120 Wash. 595, 207 Pac. 1065, 211 Pac. 766; *Titan Truck Co. v. Richardson,* 122 Wash. 452, 210 Pac. 790; *Producers Grocery Co. v. Blackwell Motor Co.,* 123 Wash. 144, 212 Pac. 154; *Long v. Five-Hundred Co.,* 123 Wash. 347, 212 Pac. 559; *Pratt v. Thompson,* 133 Wash. 218, 233 Pac. 637; *Leschen & Sons Rope Co. v. Case Shingle & Lumber Co.,* 152 Wash. 37, 276 Pac. 892; *Nelson Co. v. Goodrich,* 159 Wash. 189, 292 Pac. 406; *Weller v. Advance-Rumely Thresher Co.,* 160 Wash. 510, 295 Pac. 482; *Marion Steam Shovel Co. v. Aukamp,* 172 Wash. 455, 20 P. (2d) 851.

Furthermore, the majority opinion is based upon the false premise that there was no misrepresentation as to an existing fact. The existing fact alleged was that the grader was capable, adequate and sufficient for operating in hard and wet earth and gravel as well as in soft earth, as it was in that kind of earth it was desired to operate it in Mount Baker National Park and elsewhere in Washington. That was not a mere promise or representation of what the promissor would do in the future, but what its implement could and would do in the present. Neither is it material that it was not sold by the manufacturer itself, but

by its dealer, any more than it was material in the *Weller* or the *Aukamp* cases, *supra*.

The cases of *Eilers Music House v. Oriental Co.*, 69 Wash. 618, 125 Pac. 1023; *Winton Motor Carriage Co. v. Blomberg*, 84 Wash. 451, 147 Pac. 21, were not cases where it was alleged in the pleading of the vendee that false and fraudulent representations entered into and induced the making of the contract.

In a case very similar to this, *Jones v. Brandt*, 173 Wis. 539, 181 N. W. 813, that court, which is one of the courts of highest repute in the land, announced the same rules that we have followed where false representations enter into, and induce the making of, the contract. There, the purchaser brought an action to rescind a contract for fraud inducing its execution, to retrieve the amount paid, and also counterclaimed for damages for the amount which he had expended in testing the dredge. The court held that the testimony that the sale of the dredge was fraudulently induced by representations as to the capacity of the dredge and the equipment thereon was admissible to prove fraud, notwithstanding the provision of the contract that it embodied the entire understanding between the parties, and that the seller's liability should not be affected by any statement or representation not contained therein. It further held that the seller's representations that the dredge was of a kind and construction such as to properly do the work desired and that it was equipped with an engine of a particular kind and capacity, were actionable, *as they were not mere expressions of opinion*. (Italics mine). The court there said:

"Appellants assign as error the admission of testimony as to the representations made at the time of the sale of the dredge. It is urged that the admission of the evidence violated the parol-evidence rule, and that it was especially objectionable by reason of the

clause in the contract purporting to exclude such representations. This testimony was offered and admitted on the theory that it tended to prove the allegations of the cross-complaint that the representations were fraudulently made and for the purpose of inducing defendants to enter into the contract. . . .

"It is argued that the representations only related to the warranties in the written agreement. The only warranties in the very elaborate agreement were that the machine would excavate thirty yards an hour, and that it was of good workmanship and material. The representations above stated relate to various collateral facts not mentioned in the agreement.

"We cannot concur in the view that a party to a contract can exclude fraudulent representations made to induce the contract itself by inserting a clause that the agreement shall be the sole evidence of the transaction. Such a theory would permit the most flagrant frauds by an easy device. It is the well settled rule of this state that it is competent to show by parol that a contract was entered into relying on fraudulent representations. [Citing cases.] . . . We are satisfied that there were such statements concerning matters both of fact and opinion that they were properly submitted to the jury. Some of the statements related to existing facts as to which plaintiffs had, or ought to have had, superior knowledge, and they were statements on which defendants had the right to rely.

"The jury and the court found that it was represented that the dredge was of a kind and construction such as to properly do the work desired; that the machine was equipped with a kerosene engine of ample capacity for operating all motions either independently or simultaneously; that it was equipped with a traction mechanism sufficient to propel or move it by means of the power of the engine; that the machine could be set up or taken down in 3 days; that the defendants relied on the representations and that they were false.

"While it is true that mere promises are not a basis for fraud, and that ordinarily fraud cannot be predicated on mere expressions of opinion, yet it is well settled that statements taking the form of expressions

126

of opinions may under some circumstances be treated as statements of facts. [Citing cases.]"

The decision of the majority in this case is contrary to our own rule of decision and to the great weight of authority in all of the states.

The judgment should be reversed, and the cause remanded for further proceeding.

BEALS, C. J., MITCHELL, and TOLMAN, JJ., concur with HOLCOMB, J.