## MOSER v. NEW YORK LIFE INS. CO.
### No. 10925.

Circuit Court of Appeals, Ninth Circuit.

Oct. 25, 1945.

Clarence J. Coleman and J. C. Bolinger, both of Everett, Wash., and Welts & Welts, of Mt. Vernon, Wash., for appellant.

Raymond G. Wright, Clarence R. Innis, and Arthur E. Simon, all of Seattle, Wash., for appellee.

Before DENMAN, STEPHENS, and BONE, Circuit Judges.

DENMAN, Circuit Judge.

Plaintiff and appellant F. C. Moser, formerly an insurance agent for defendant and appellee New York Life Insurance Company, here appeals from the order and judgment of the district court granting a motion to dismiss appellant's action for fraud in inducing him to exchange one contract with appellee for another based upon a different system of compensation.

The motion to dismiss was based upon the contentions (1) that appellant failed to state a claim upon which relief could be granted, in that his factual allegations were insufficient to support such a claim of fraud; and (2) that it appeared affirmatively from the allegations of the complaint that the cause of action alleged, if any, was barred by the applicable statute of limitations and by laches upon the part of appellant. The trial court in granting the motion gave no oral or written opinion.

We believe that the judgment of the district court must be affirmed on the first of the grounds urged by appellee on the motion to dismiss and on this appeal.

Appellant, according to the allegations of the complaint, was a special agent of the appellee in the State of Washington for the purpose of canvassing for life insurance and annuity applications from October 7, 1907, to and including August 22, 1936. On or about January 1, 1908, appellant entered into a contract whereby he was to employ his time fully in acting as a soliciting life insurance agent for the appellee. This agreement provided for compensation to the appellant of nine renewal commissions of five percent of the annual premium, or a total renewal commission of forty-five percent.

In 1910 appellee established a dual agency system. This consisted of a modified single agency agreement plus what will here be referred to as Nylic. The modified single agency agreement called for specified reduced renewal commissions on insurance written. Nylic, a system for encouraging permanency of agent relations with appellee, provides through definite formulae, fully set forth, for additional monthly payments to successful agents based upon business written in earlier years and remaining in force. Also it provides, through a similar mathematical formula, for a monthly life payment after twenty years of successful service regardless of whether the agent's work thereafter continues.

It is alleged that, through certain of appellee's officials making oral representations during the year 1910 "* * * the defendant in order to have the plaintiff surrender his said agreement dated January 1, 1908, and to permit the defendant to substitute therefor an agreement under the defendant's said Dual Agency System represented to the plaintiff that the plaintiff's compensation under said Dual Agency System during plaintiff's qualifying Nylic period which the parties agreed to be

for seventeen (17) years expiring January 1, 1928, would be the equal of the 45% in renewals provided for in the said agreement dated January 1, 1908."

Appellant accepted the Dual Agency Agreement and performed under it for the full seventeen year period ending in 1928. This action for fraud was brought in 1944, charging:

"That said representations were false and fraudulent in that plaintiff actually received during said period from the defendant under said Dual Agency System $52,171.45 in renewal commissions and $56,498.95 in 'Nylic' payments, or a total Dual Agency payment of $108,709.82, whereas during this same period plaintiff would have been entitled to receive the sum of $156,514.35 in renewal commissions under the single agency agreement dated January 1, 1908, and that by reason of the premises defendant has wrongfully defrauded plaintiff out of the sum of $47,804.53, which sum is now due and owing."

A bill of particulars alleges that these representations were made in the states of Washington and California. In Washington, as elsewhere, "the basic element of the action for deceit" is that the false representations relied on relate to an existing fact. Webster v. L. Romano Engineering Corporation, 178 Wash. 118, 121, 34 P.2d 428. See also Williamson v. United Brotherhood of Carpenters, 12 Wash. 2d 171, 184, 120 P.2d 833; Everts v. Matteson, 21 Cal.2d 437, 451, 132 P.2d 476; Wolleson v. Coburn, 63 Cal.App. 315, 323, 218 P. 479.

That element is here lacking. The only misrepresentation alleged is one as to the equivalency of compensation under the Dual Agency agreement that would be earned by appellant for some seventeen years in the future, as compared with the total compensation that would have been earned by appellant under the earlier single agency agreement which he renounced.

Both agreements plainly stated definite mathematical formulae, not dependent upon the will of appellee, to be applied in making the determination of compensation. However, it would be manifestly impossible in 1910 for either party to determine the actual compensation to become due in later years under either set of formulae; for both contained certain variables then unknown and unknowable. These variables included (1) the total amount of insurance to be written by appellant during the years; (2) the proportion in which that total was divided among the several years; (3) the annual premiums provided for in each of the policies, as yet unwritten; and (4) the number of years each policy would be kept in force.

Clearly, any estimates in 1910 based upon such then incalculable factors as these could be no more than guesses as to an inchoate state of affairs that would not take shape for many years, and that would ultimately be created in very large measure by the degree of skill and industry to be exhibited by appellant himself—these, in large part, dependent upon the imponderables of appellant's mental and physical vigor and his continuing soliciting appeal. In such a situation no action for deceit can be maintained.

The view here taken makes it unnecessary to discuss whether the statute of limitations or the claimed laches of appellant would bar the action.

The judgment is affirmed.