[No. 34046.   Department Two.   August 29, 1957.]

NESTOR E. SWANSON *et al., Respondents,* v. MARK SOLOMON *et al., Appellants.*[1]

*John M. Warnock,* for appellants.

*J. E. Lowe* and *Thomas G. McCrea,* for respondents.

SCHWELLENBACH, J.—This is an appeal from a judgment awarding damages in an action based upon fraud in connection with the sale of a house, tried to the court.

[1]Reported in 314 P. (2d) 655.

■ Appellants assigned no error to any of the findings of fact. Rule on Appeal 43, 34A Wn. (2d) 47, as amended, effective January. 2, 1953, provides in part:

"In appeals from all actions at law or in equity tried to the court without a jury, the findings of fact made by the court will be accepted as the established facts in the case unless error is assigned thereto."

This rule has been followed without exception. *Paulson v. Higgins*, 43 Wn. (2d) 81, 260 P. (2d) 318, 266 P. (2d) 800.

The trial court made the following findings of fact:

"III. That on or about the 27th day of September, 1952, the defendants contracted to sell to the plaintiffs the following described property, to-wit:

"The house and outbuildings on the real property situate in Snohomish County and described as Lot Nineteen (19) of Charley Bagley's waterfront tracts in the State of Washington. To include the range, refrigerator, venetian blinds, curtains, bathroom mirror, and washer and drier

for the total sum of $10,300.00, with down payment of $1,000.00, and balance payable at $80.00 per month, including interest; that said contract provided that upon the completion of the payments, the defendants would assign to the plaintiffs the ground lease on said Lot 19, under which the defendants then occupied the land, which lease was between the United States Department of Interior, Office of Indian Affairs, as Lessor, and defendants as Lessees; defendants further agreed that if their negotiations for the purchase of said land were completed prior to the expiration of the contract, a new contract would be entered into, adding the price at which the defendants purchased said real property to the remaining balance of the Conditional Sales Contract, and that the real and personal property would then be sold to the plaintiffs in one transaction.

"IV. That prior to entering into the contract on September 27, 1952, the defendants represented to the plaintiffs that, although the house is located more to the east of said Lot 19 than the west, there was sufficient area between the east boundary and the house for a path.

"V. That as disclosed by a surveyor in March, 1955, the house did not lie entirely upon Tract 19, but in fact, 2.7 feet of the east portion of said house extended over onto a public way; that Charlie Bagley's Waterfront Tracts, on which

Tract 19 is one, is a plat regularly accepted and filed in the office of the Auditor of Snohomish County, consisting of 107 tracts; that directly to the east of Tract 19, a public way was reserved in said plat for the use and benefit of all of the users of said plat, and it is this area onto which the house extended; that an attempt was made by the defendants to vacate said way, but their petition for vacation was refused.

"VI. That because of the fact that the house extends onto said public way, it is impossible for plaintiffs to secure either an F. H. A. or G. I. loan.

"VII. That in March, 1955, the plaintiffs discovered that the house extended over onto said public way; that they then secured a survey at their own expense which verified this fact; that upon discovery by the plaintiffs of the fact the house encroached upon said public way, they immediately demanded return of their money, in return for the property; that the defendants received their Deed to Tract 19 within a thirty-day period ending March 24, 1955; that the parties negotiated for several months; that the plaintiffs brought this action for rescision [sic], and surrendered possession of the property; that the defendants brought an action for possession of said property; but nothing further was done by the defendants or their attorney after filing and service of their Complaint.

"VIII. That the Court finds the plaintiffs relied upon the defendants' representation that there was an area between the east edge of the house and outbuildings and the east boundary of said Tract 19; the Court further finds that by the sale itself, the defendants represented that the property was on Tract 19, and that the plaintiffs had a right to and were justified in relying on said representation; that the defendants' representation was recklessly made, without effort to ascertain the true facts.

"IX. That the plaintiffs have paid the sum of $3,480.00 during the occupancy of said premises; that the reasonable rental value of the premises, together with personal property used by plaintiffs, is $60.00 per month for a period of 33 months, or a total of $1,980.00, which sum should be offset against money paid by the plaintiffs."

Our problem is to determine whether or not the findings support the judgment.

Appellants contend that the trial court erred:

(1) In holding that a conditional sales contract for the

sale of a house and outbuildings situate on leased Indian land is a sale of real property;

(2) In refusing appellants the right to introduce evidence which would show that they offered, at their own expense, to move the house so that it would be within the boundaries of the leased land, which offer was refused by respondents;

(3) By failing to decide the action, which was based upon fraud, on rules governing fraud.

■■ In order to recover for fraud, the following must be proved: (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom it is made; (7) the latter's reliance on the truth of the representation; (8) his right to rely upon it; (9) his consequent damage. *Webster v. L. Romano Enginering Corp.*, 178 Wash. 118, 34 P. (2d) 428. We have also held that a person cannot defeat recovery by a showing that he did not know his representations were false or that he believed them to be true, if he made them recklessly and carelessly without knowing for certain whether they were true or false. *Holland Furnace Co. v. Korth*, 43 Wn. (2d) 618, 262 P. (2d) 772, 41 A. L. R. (2d) 1166.

Without discussing them in detail, it is evident that each element of fraud was found by the trial court.

■ The court did not hold that this conditional sales contract for the sale of a house and outbuildings on leased land was a sale of real property. The same elements are necessary to establish fraud in a sale of real property and of personal property. The *Webster* and *Holland Furnace Co.* cases mentioned above both involved personal property.

■ Appellants attempted to bring testimony into the record to show that they offered to move the house to within the boundaries of the leased land at their own expense. An objection to this testimony as not being within the pleadings, was sustained. The record is extremely sketchy on this matter. No offer of proof was made. See *Sutton v. Mathews,*

41 Wn. (2d) 64, 247 P. (2d) 556. The argument and colloquy of counsel did not constitute an offer of proof. *Fairview Lbr. Co. v. Makos*, 44 Wn. (2d) 131, 265 P. (2d) 837. We are unable to find, from the record, that the trial court erred in refusing to admit such testimony.

The judgment is affirmed.

HILL, C. J., DONWORTH, WEAVER, and ROSELLINI, JJ., concur.