[No. 38580.     Department Two.     June 1, 1967.]

Vern L. Cox et al., Appellants, v. James E. Stout et al., Respondents.*

*Ned W. Kimball* and *David T. Ellis*, for appellants.

*John Hancock*, for respondents.

Per Curiam.—By this action plaintiffs-appellants, Vern L. Cox and Frances Cox, sought rescission of a contract of sale by which defendants-respondents, James E. Stout and Gertrude Stout, sold a ranch and livestock to appellants. Appellants failed in their effort in an action tried to the court and appeal from a judgment of dismissal. The relief sought is based on alleged fraud of respondents in representations relative to the number of cows and young stock which the ranch would support, the availability of water and the feed-producing ability of the ranch.

Respondents listed their property with a real estate broker who showed the premises to appellants in the spring of 1962. An earnest money receipt was signed a few weeks later. Appellants occupied the premises in person or by tenants for a period of 4½ months before the contract of sale

*Reported in 427 P.2d 1000.

was signed by the parties. During this time appellants had an opportunity to familiarize themselves with the ranch and the livestock, ascertain the availability of water and observe the crops grown on the ranch. Appellants initiated this action some 2 years later, in 1964.

The trial court found that none of the nine elements of fraud had been proven by clear, cogent and convincing evidence as is required to prevail in an action of this nature. *Webster v. L. Romano Eng'r Corp.*, 178 Wash. 118, 34 P.2d 428 (1934); *Swanson v. Solomon*, 50 Wn.2d 825, 314 P.2d 655 (1957). In particular he found no reliance by appellants on any alleged misrepresentations, nor any right in appellants to rely on them. Appellants had ample opportunity to examine the premises and did so for a period of almost 5 months before signing the contract. Under these circumstances the trial court was correct in concluding that appellants had no right to rely on any statements by respondents, and in fact did not do so. *Wilson v. Mills*, 91 Wash. 71, 157 Pac. 467 (1916); *MacKay v. Peterson*, 122 Wash. 550, 211 Pac. 716 (1922); *Fleischman v. Hockett*, 49 Wn.2d 328, 301 P.2d 166 (1956); *Zastrow v. W. G. Platts, Inc.*, 57 Wn.2d 347, 357 P.2d 162 (1960).

Evidence was introduced to show that for several years prior to the sale, respondents had listed with the assessor fewer cows, bulls and young stock than they sold to appellants and claimed the ranch would support. Respondent husband testified his tax statements were false. This, it is contended, was conclusive proof that respondent husband was unworthy of belief. While this is a circumstance which the trial court considered in evaluating the case, like the trial court, we do not believe it conclusive proof that respondent James E. Stout was guilty of fraud *with respect to the land sale*. The record amply supports the trial court's finding that no misrepresentation was made regarding the number of livestock on the place, nor regarding the capability of the ranch to support that number if the ranch was operated in the manner which respondents had used.

No good purpose would be served by reciting other evi-

dence in detail. It is sufficient to say that respondents offered substantial evidence tending to disprove any alleged misrepresentations. We have examined the record with care and find the decision of the trial court to be supported by the greater weight of the evidence and that fraud was not proven by clear, cogent and convincing evidence.

We also find no merit in appellants' contention that the trial judge was prejudiced against the principles of law which govern a rescission action grounded on fraud. The trial court expressed some doubt as to the soundness of one of the decisions of this court relative to the binding force of a merger clause in a contract of sale; but we find no indication that the trial judge was prejudiced in any respect against parties who bring an action bottomed on fraud or against the principles of law which govern such an action.

The judgment is affirmed.