

FILED

JUN 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHRYN COX; BEVERLY HAWLEY; RICHARD HAWLEY, husband and wife; WILLIAM MARK SMITH; NADINE SMITH, husband and wife; CHERYL GRANT; JILL ORTIZ; THOMAS PRIGMORE; SATOKO PRIGMORE, husband and wife; ROBERT WALLA; KRISTINE WALLA, husband and wife; DARYL STUART; LAUREL STUART, husband and wife; DOUGLAS SUNDBY; CYNDI SUNDBY, husband and wife; CHRIS STUART; MEGAN WALLA; THOMAS HUBER; DAVID HUBER; DANIEL O'NEAL; PATRICIA O'NEAL, husband and wife; DALE HOLLINGSWORTH; RUTH HOLLINGSWORTH, husband and wife; SARAH HOLLINGSWORTH; NICOLE TIEDEMAN; DERRY TIEDEMAN, husband and wife; TRACY ZICHUHR; SANDY ZICKUHR, husband and wife; ZOE ZICKUHR, <br><br>      Plaintiffs-Appellees, <br><br> v. <br><br> CONTINENTAL CASUALTY | No.   15-35517 <br><br> D.C. No. 2:13-cv-02288-MJP <br><br> MEMORANDUM* |

---

     *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

COMPANY,

Defendant-Appellant.

KATHRYN COX; BEVERLY HAWLEY; RICHARD HAWLEY, husband and wife; WILLIAM MARK SMITH; NADINE SMITH, husband and wife; CHERYL GRANT; JILL ORTIZ; THOMAS PRIGMORE; SATOKO PRIGMORE, husband and wife; ROBERT WALLA; KRISTINE WALLA, husband and wife; DARYL STUART; LAUREL STUART, husband and wife; DOUGLAS SUNDBY; CYNDI SUNDBY, husband and wife; CHRIS STUART; MEGAN WALLA; THOMAS HUBER; DAVID HUBER; DANIEL O'NEAL; PATRICIA O'NEAL, husband and wife; DALE HOLLINGSWORTH; RUTH HOLLINGSWORTH, husband and wife; SARAH HOLLINGSWORTH; NICOLE TIEDEMAN; DERRY TIEDEMAN, husband and wife; TRACY ZICHUHR; SANDY ZICKUHR, husband and wife; ZOE ZICKUHR,

Plaintiffs-Appellants,

v.

CONTINENTAL CASUALTY COMPANY,

Defendant-Appellee.

No. 15-35525

D.C. No. 2:13-cv-02288-MJP

2

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted February 10, 2017
Seattle, Washington

Before: PAEZ and CALLAHAN, Circuit Judges, and SELNA,[**] District Judge.

Continental Casualty Company ("Continental") appeals the District Court's application of judicial estoppel, denial of its motion for judgment as a matter of law, inclusion and exclusion of certain jury instructions, and award of attorneys' fees. Kathryn Cox and other former patients of Dr. Henri Duyzend (collectively, "the Plaintiffs") cross appeal the District Court's award of attorneys' fees, dismissal of their Insurance Fair Conduct Act ("IFCA") claim, and reduction of the jury's award. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm in part, vacate in part, and remand.[1]

For judicial estoppel to apply, the following must be true: (1) the party to be estopped asserted an earlier position that is "clearly inconsistent" with a position it later attempts to assert; (2) the court relied on the earlier position; and (3) allowing the party to change its position would be inequitable. *See United States v. Ibrahim*,

---

[**] The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

[1] As the parties are familiar with the facts and procedural history, we restate them here only as necessary to explain our decision.

3

522 F.3d 1003, 1009 (9th Cir. 2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)). The application of judicial estoppel is reviewed for abuse of discretion. *See Wagner v. Prof'l Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1040 (9th Cir. 2004).

Here, the District Court did not abuse its discretion. During discovery, Continental told the District Court that the Plaintiffs were not entitled to certain coverage-related documents because "[s]uch files [we]re immaterial in cases like this one where coverage [wa]s not at issue." The District Court reasonably interpreted this unqualified representation to mean that Continental did not intend to allege that Dr. Duyzend had engaged in fraudulent activity because, under Washington law, "[a]n insured need only make one material misrepresentation to void all coverage under the entire policy." *Ki Sin Kim v. Allstate Ins. Co.*, 223 P.3d 1180, 1188 (Wash. Ct. App. 2009). Thus, even if Washington law allows an insurer to assert fraud against extra-contractual claims while conceding coverage, the District Court did not abuse its discretion in finding judicial estoppel on the basis of Continental's assertion that coverage-related documents were irrelevant when later it asserted fraud defenses for which such documents would be relevant. Accordingly, the first requirement for judicial estoppel is satisfied.

The same is true for the second requirement. Although the order denying the Plaintiffs' motion to compel production of coverage-related documents stated that the denial was based on the Plaintiffs not asserting coverage claims, the District Court later explicitly stated in its summary judgment order that it had indeed relied on Continental's representation regarding coverage in making its ruling. The District Court's reliance is further shown in its broader discussion of the estoppel issue in the summary judgment order, which makes clear that the District Court would not have denied the Plaintiffs' discovery motion had it known that Continental would later assert defenses that could possibly be defeated with coverage-related documents.

Last, the evidence before the District Court at the time it made its judicial estoppel ruling supports the conclusion that it would have been inequitable to allow Continental to assert fraud-based defenses. The Plaintiffs produced documents showing that Continental redacted coverage-related information, which would have contained "[a]ny assessment by Continental of Dr. Duyzend's alleged fraud," and, thus, potentially would be critical to mounting an attack on the fraud-based defenses. *See Swanson v. Solomon*, 314 P.2d 655, 657 (Wash. 1957) (stating that fraud requires materiality and reliance by the listener). Continental, however, failed to even identify and discuss in its summary-judgment briefing any evidence

demonstrating that it had produced coverage-related documents. While Continental later attached evidence to its motion for reconsideration indicating that it had produced some, but not all, of the coverage-related documents, motions for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). As a result, Continental failed to show that the District Court abused its discretion in applying judicial estoppel.

Contrary to Continental's charge, the District Court did not apply judicial estoppel in this case simply because Continental failed to contest coverage; rather, the District Court applied the doctrine based on a specific representation that Continental made during discovery, as well as Continental's apparent refusal to turn over coverage-related documents. Thus, Continental was not punished for being a good insurer and accepting coverage without dispute, but instead because of its attempt to "play[] fast and loose with the courts," which is a legitimate basis for judicially estopping a party. *Wagner*, 354 F.3d at 1044 (citation omitted).

The District Court did not err in denying Continental's motion for judgment as a matter of law. Although the Plaintiffs' evidence did not establish the most direct line of causation, when viewed in the light most favorable to the Plaintiffs,

6

*see Experience Hendrix L.L.C. v. Hendrixlicensing.com Ltd.*, 762 F.3d 829, 842

(9th Cir. 2014), it was sufficient to satisfy the cause-in-fact requirements of their

Consumer Protection Act ("CPA") and negligence claims.  The evidence revealed

a series of missteps in Continental's processing of the claims against Dr. Duyzend

and provided a basis for the jury to find that these missteps injured Dr. Duyzend.

As for Continental's legal-causation argument, it too is unavailing.  First,

Continental waived this argument by failing to specifically raise it in its summary-

judgement motion, at the close of the Plaintiffs' case in chief, or in its post-trial

motion.  *See, e.g.*, *Crawford v. Lungren*, 96 F.3d 380, 389 n.6 (9th Cir. 1996).

Second, even if the argument was not waived, the line of causation in this case was

not so attenuated or, Continental so blameless, as to make legal causation wanting.

*See Christen v. Lee*, 780 P.2d 1307, 1321 (Wash. 1989) (en banc) (stating that

"[t]he legal causation prong of proximate cause involves policy considerations of

how far the consequences of a defendant's acts should extend").  Therefore, no

relief is warranted on this ground.

Likewise, Continental's challenge to the District Court's instructions also

fails.  For starters, Continental's proposed comparative-fault instruction swept too

broadly, and, therefore, did not accurately state the law.  Specifically, the proposed

instruction did not say that intentional acts cannot constitute fault for purposes of

7

comparative fault. *See Welch v. Southland Corp.*, 952 P.2d 162, 165–66 (Wash. 1998) (en banc). This omission is significant because there was evidence that Dr. Duyzend had engaged in intentional misconduct. Thus, Continental potentially could have gained an unfair advantage if the proposed instruction had been given because the jury could have assigned fault based on conduct that should not have been considered for that purpose. When a party "ask[s] [a] court to instruct upon a subject as to which we assume they were entitled to an instruction, but they framed an instruction which stated the doctrine in a manner more favorable to them than the law permits[, t]he court [is] under no duty to redraw their instruction for them." *Ursich v. da Rosa*, 328 F.2d 794, 797 (9th Cir. 1964). Accordingly, the District Court did not err in refusing to give or to sua sponte amend Continental's proposed comparative-fault instruction.

Even if the District Court had a duty to redraw legally-incorrect instructions, Continental still was not entitled to a comparative-fault instruction because the evidence did not support the issuance of one. First, the record does not show that the Plaintiffs' initial attorney and the dentist who purchased Dr. Duyzend's practice owed Dr. Duyzend any duty. *See Christen*, 780 P.2d at 1311 (stating that an essential element for negligence is "the existence of a duty owed to the complaining party"). Second, there was no expert testimony regarding how the

8

attorney that Continental hired to represent Dr. Duyzend violated his duty of care. *See Geer v. Tonnon*, 155 P.3d 163, 170–71 (Wash. Ct. App. 2007).  Third, while the evidence did suggest that Dr. Duyzend engaged in intentional misconduct, it did not show that he engaged in conduct that is cognizable for comparative-fault purposes.

Assuming, arguendo, that the District Court's bad-faith instruction erroneously set a floor for damages, any error was harmless.  *See Gantt v. City of L.A.*, 717 F.3d 702, 707 (9th Cir. 2013) (stating that harmless-error review applies to alleged instruction errors).  The Plaintiffs did not prevail on their bad-faith claim.  Furthermore, the jury's verdict demonstrates that the jury was able to distinguish between the instructions for the bad-faith claim and the claims that the Plaintiffs prevailed on.  In light of this, and the strong presumption that a jury follows the instructions given to it, *see Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014), Continental is not entitled to relief based on the District Court's bad-faith instruction.

The record supports the District Court's award of attorneys' fees.  Starting with the lodestar amount, the District Court determined that the Plaintiffs were entitled to two-thirds of their requested amount because, while there was a tremendous amount of overlap between the claims in the case, there was a portion

of the Plaintiffs' attorneys' work that could be segregated from the time they spent on the CPA claim. Despite the parties' claims otherwise, the District Court's methodology is not flawed, as the District Court was free to allow the Plaintiffs to recover attorneys' fees for work their attorneys performed on non-CPA claims, but only to the extent it believed such work could not be reasonably segregated from work done on the Plaintiffs' CPA claim. *See Mayer v. Sto Indus., Inc.*, 132 P.3d 115, 122–23 (Wash. 2006) (en banc). Therefore, because Continental has not challenged the Plaintiffs' attorneys' rates and neither party has cited to any billing records demonstrating that the lodestar amount was too high or too low, or provided any other persuasive basis for upsetting this portion of the attorneys' fees award, the District Court's determination must be upheld.

The District Court's award of a multiplier must also be upheld. Multipliers may be awarded based on the contingent nature of success or the quality of work performed. *See Chuong Van Pham v. City of Seattle, Seattle City Light*, 151 P.3d 976, 982–83 (Wash. 2007) (en banc). Here, the District Court rationally believed that both grounds were applicable. The fee agreement between the Plaintiffs and their attorneys was "pure contingency." Furthermore, it was far from guaranteed that the Plaintiffs would prevail in this case, and the record does not show that the Plaintiffs' attorneys were already adequately compensated for the substantial risk

10

they took on. Also, in light of the hurdles that the Plaintiffs' attorneys had to overcome—for example, "many complex legal and factual issues" and Continental's "no-holds-barred litigation strategy," the District Court was justified in finding that the quality of the Plaintiffs' attorneys' representation supported the awarding of a multiplier.

The Plaintiffs' challenge to the dismissal of their IFCA claim is unavailing. To bring an IFCA claim, a plaintiff must be a "first party claimant" and be "unreasonably denied a claim for coverage or payment of benefits by an insurer." Wash. Rev. Code § 48.30.015(1). Here, neither of these requirements is satisfied. The policy in question is not a first party policy; thus, the Plaintiffs, standing in Dr. Duyzend's shoes, cannot be a first party claimant. Also, while Continental was accused of processing the claims against Dr. Duyzend slowly, the Plaintiffs never alleged that Dr. Duyzend was actually denied coverage or payment of a benefit. As a result, the District Court did not err in dismissing the Plaintiffs' IFCA claim.

Finally, the District Court did abuse its discretion by reducing the jury's verdict award. The reduction was based on the District Court's belief that the jury was unaware of Continental's payment to the Plaintiffs. However, this belief was erroneous, as Continental mentioned its payment at least six times at trial, including during both its opening statement and its closing argument. *See United*

11

*States v. ASARCO, Inc.*, 430 F.3d 972, 978 (9th Cir. 2005) (stating that a district court abuses its discretion when it relies on clearly erroneous facts). Accordingly, the District Court's reduction should be vacated and the jury's verdict reinstated.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**